**LOUISVILLE GAS & ELECTRIC COMPANY, Appellant**

v.

**Claude CORNELL et al., Appellees.**

Court of Appeals of Kentucky.

March 24, 1961.

T. C. Carroll, Shepherdsville, Gerald Kirven, O. Grant Bruton, Louisville, for appellant.

Taylor & Pike, Shepherdsville, for appellees.

BIRD, Chief Justice.

A perpetual easement 50 feet wide and 2,297 feet long was condemned across the farm of Claude and Gladys Cornell.

A jury in the Bullitt Circuit Court awarded the owners $3,750 for the land taken and $2,500 for resulting damages. The condemnor, Louisville Gas and Electric Company, appeals.

■ The condemnor first complains that the trial court erred in permitting the landowners to show colored slides depicting the easement before and during the construction. It is not contended that the pictures failed to accurately portray the property at the time they were taken. Principally the condemnor complains of the pictures that depicted the general ugliness of easement under construction.

The trial court finally directed the jury not to consider any of the pictures. This was perhaps insufficient to erase the ugly picture from the minds of the jurors. The record discloses however that the jury went to view the premises after the scars of construction had faded. If showing the slides was prejudicial we are convinced that the court's admonition together with the jury's subsequent inspection of the premises is sufficient to cure the ill effects of showing them.

■ The condemnor next complains that the property is farm land and that the trial court erred in allowing the introduction of evidence concerning the value of the land in relation to its suitability for building lots.

We fail to find any objection to the introduction of this evidence at the time of trial. Consequently, there is nothing to review on appeal. Commonwealth, Dept. of Highways v. Williams, Ky., 317 S.W.2d 482.

■ The condemnor next complains that the verdict is sustained only by the owners' "inflated" claims which appear in the testimony. Our examination of the record reveals other testimony which we believe gives support to the owners' testimony concerning the value of the land and damages. Nevertheless, the owners' evaluation and his basis therefor were admitted without objection and would alone support the verdict. Our view of this record certainly reveals nothing to show that the jury's verdict resulted from passion or prejudice. The verdict being well within the limits of evaluation shown in the evidence, we will not disturb it.

Our examination of the whole record discloses no prejudicial error. The judgment is therefore affirmed.