**COMMONWEALTH of Kentucky, DEPARTMENT OF HIGHWAYS, Appellant,**

**v.**

**William BLACKBURN et al., Appellees.**

Court of Appeals of Kentucky.

Jan. 25, 1963.

J. B. Breckinridge, Atty. Gen., H. D. Reed, Jr., Asst. Atty. Gen., Patrick J. Dixon, Atty., Dept. of Highways, Louisville, F. D. Curry, Atty., Dept. of Highways, Frankfort, for appellant.

Ottis Lanter, Williamstown, Denney & Landrum, Lexington, for appellees.

PALMORE, Judge.

Appealing from a judgment it regards as excessive in this condemnation case, the Commonwealth asks that it be granted a new trial "with the specific direction that the taxpayers should not be liable for increments of land value created by the public improvement itself." However, not a single error of any kind on the part of the trial court is cited to authorize or justify a reversal.

Shortly after the location of the improvement project had been established, neighboring property comparable with the property here in question was sold to Ashland Oil and Refining Company for $30 per front foot. This price, according to the Commonwealth, represented an enhanced value resulting from the improvement project, and was used by its witnesses in estimating the value of that portion of the appellees' property remaining in their ownership after the taking.[1] Witnesses for the landowners, however, used it in estimating the value of the property before the taking, and this, argues the Commonwealth, violates the principle that enhancements in value resulting from the prospect of the improvement are not compensable. Cf. 18 Am.Jur. 884, Eminent Domain § 246; Annotation, "Increment to value, from project for which land is condemned, as a factor in fixing compensation," 147 A.L.R. 66.

Conceding the correctness of the Commonwealth's theory, in this particular case the questions of whether and the extent to which the price paid in the Ashland Oil transaction was influenced by the prospect of the highway improvement project were for the jury to determine under a proper instruction covering the issue. The instructions of the trial court are not in the record, but we note that they were offered by the Commonwealth and given without objection. Moreover, even if it had been clear from the testimony that the price paid by Ashland was so affected by the prospect of the improvement that it should not have been admitted in evidence as a comparable sale, it would have been incumbent on the Commonwealth either to object to its admission, move that it be stricken, or seek an appropriate admonition

---

1. This is proper, of course, to the extent that the enhancement offsets residual damage claimed by the landowner. Commonwealth, Department of Highways v. Evans, Ky.1962, 361 S.W.2d 766, 769.

to the jury. None of this was done, and there is simply no error called to our attention. Cf. Louisville Gas & Electric Company v. Cornell, Ky.1961, 344 S.W.2d 830; Commonwealth, Department of Highways, v. Williams, Ky.1958, 317 S.W.2d 482.

Hence the judgment must be and is affirmed.