**J. W. CARTEE et al., Appellants,**

v.

**COMMONWEALTH of Kentucky, DEPARTMENT OF HIGHWAYS, Appellee.**

Court of Appeals of Kentucky.

Jan. 24, 1964.

Holland G. Bryan, Paducah, for appellant.

John B. Breckinridge, Atty. Gen., William A. Lamkin, Jr., Asst. Atty. Gen., Reed Anderson, Paducah, Richard H. Peek, Smithland, for appellee.

MILLIKEN, Chief Justice.

This is an appeal from a summary judgment for the Department of Highways in a suit brought against it by landowners to recover damages for additional impairment of ingress and egress to their property caused by a change in the Department's construction of the highway from the original plan.

In December, 1954, the Department of Highways procured a deed through condemnation proceedings from the appellants for the improvement of a public road leading from Kentucky Dam to Paducah. At that time the Department presented plans and specifications showing how the proposed improvement would affect the appellants' property. Subsequently, the Department changed its plans and in 1961 the appellants sued the Department asserting that "their rights of ingress and egress to and from their driveway and property was, and is, partially destroyed and seriously interfered with, in that, instead of being able to turn into or turn out from driveway regardless of the direction in which they may be proceeding; if they are proceeding from the north toward their home, they cannot turn into their driveway but are required to proceed a great distance to Reidland and turn around and come back to their property; or if they are emerging from their driveway and desire to go south towards Reidland, they are required instead to proceed north at least a half mile, then cross over into the south-bound roadway and drive back another half mile to a point opposite their driveway, and then proceed as they desired south toward Reidland."

The change in plans from an ordinary highway to a divided highway probably has caused some inconvenience to the appellants, but they still have reasonable access to the State Highway System and that is all they are entitled to have. Department of Highways v. Carlisle (1962), Ky., 363 S.W.2d 104; Department of Highways v. Jackson (1957), Ky., 302 S.W.2d

373, 376. And see, also, the re-affirmal of this view in Com. Department of Highways v. Sherrod (1963), Ky., 367 S.W.2d 844, at pages 858, 859. Furthermore, the change in plans and specifications was permissible. Commonwealth Dept. of Highways v. Littrel (1959), Ky., 319 S.W.2d 458.

The judgment is affirmed.