COMMONWEALTH of Kentucky, DEPART-
MENT OF HIGHWAYS, Appellant,

v.

J. E. KING et al., Appellees.

Court of Appeals of Kentucky.

Feb. 14, 1964.

John B. Breckinridge, Atty. Gen., William A. Lamkin, Asst. Atty. Gen., Frankfort, Raleigh O. Jones, Lyndon, for appellant.

William M. Deep, King, Deep & Branaman, Henderson, for appellees.

J. W. Blackburn, Louisville, for Federal Land Bank.

WILLIAMS, Judge.

This condemnation action was instituted in the Henderson County Court by the Commonwealth of Kentucky, Department of Highways, appellant, against J. E. King and Gustava King, his wife, Frances Dempewolf, widow, and the Federal Land Bank of Louisville, appellees. The condemned land consisted of 12.67 acres of the landowners' 145-acre farm, and two small easements to facilitate drainage construction necessary for the proper use of appellees' remaining property.

The county court commissioners found $26,150.00 as the value of the property taken, and $7,233.00 as the value of the damages to the remaining property. Both parties appealed to circuit court.

In circuit court appellant's witness, John True, an engineer for the Highway Department, on direct examination was allowed to testify from new plans which appellant offered as an exhibit, but which were not filed with the original complaint. On cross-examination the appellees discovered the new plans differed from the old and then objected to introduction of the new plans. The objection was sustained, and True was obliged to testify thereafter from the plans filed with the original complaint. The new plans were significant in that they provided for certain drainage facilities whereas the original plans did not.

The appellant then introduced two appraisal witnesses who were not allowed to testify concerning the value of the *entire* tract on the basis that the parties had previously agreed on the value of the land taken. Only testimony concerning the value of the *remaining* land was allowed.

The court instructed the jury that the measure of damages was the difference in value of the *remaining* land immediately before and after the taking, less any enhancement resulting from the improvement. The jury found $15,000.00 as the amount of damages to appellees' remaining land.

The appellant contends that the circuit court erred:

- (1) In refusing to admit the new plans providing for drainage facilities;

(2) In refusing to allow appellant's appraisal witness to testify as to the value of the entire tract just before the taking;

(3) In giving improper instructions.

We are of the opinion that the lower court erred in refusing to allow the highway engineer to testify from the new plans which were offered as an exhibit. The method or plan of work in constructing, maintaining, or repairing highways is in the discretion of the highway authorities, within the restrictions of the law. 40 C.J.S. Highways § 179. A right-of-way deed carries with it the right to use the land deeded in such manner as is reasonably necessary in the construction and maintenance of the highway. Commonwealth v. Geary, Ky., 254 S.W.2d 477; Cartee, et al. v. Commonwealth of Kentucky, Department of Highways, Ky., 374 S.W.2d 860, decided January 24, 1964. Further, unless the deed so provides, the Commonwealth is not obligated to build according to its original plans or to build at all. Paducah Box and Basket Co., Inc. v. Commonwealth, Department of Highways, Ky., 344 S.W.2d 608. We conclude, therefore, that the engineer should have been permitted to testify concerning what was currently and actually being planned, and that the new plans should have been permitted to be filed as an exhibit.

In so holding we do not condone the act of waiting until the day of the trial to apprise the landowners of a change in plans. They are entitled to enough time to prepare their defense with full knowledge of the plan of construction which is to be proved at the trial. In this case had the landowners made a motion for continuance it surely would have been granted. On the other hand, when the Commonwealth plans to construct a project in such manner as will alleviate certain possible damages it should be permitted to submit proof concerning such plans.

In county court the parties jointly moved the court to direct the commissioners to find the value of the property taken to be $26,150.00. The county court entered an order directing the commissioners to find the value of the land taken as set out in the motion, and further directing them to assess separately the damages resulting to the remainder. The commissioners reported as directed by the court and judgment was entered accordingly. The Commonwealth appealed from the entire judgment and the landowners appealed from so much of the judgment as awarded damages to the remainder.

Where part of a tract of land is taken by condemnation, the jury shall determine the difference in market value of

the entire tract before and after the taking, less any enhancement in value from the improvements, and is not authorized to fix separately taking and resulting damages. Commonwealth, Department of Highways v. Sherrod, Ky., 367 S.W.2d 844. The appellees contend that the order of the county court, entered pursuant to the joint motion of the parties, determined the amount of damages to be awarded for the land taken and that the circuit court could only determine the damages to the remaining land.

The primary purpose of the action in the county court is to fix an amount which may be paid into court, permitting the Commonwealth to take possession of the land. An appeal to the circuit court is tried de novo, but limited to questions raised in the original exceptions or statement of grounds of appeal. Questions of fact pertaining to the amount of compensation to the owner shall be determined by a jury in circuit court. KRS 177.087(1). Here the Commonwealth excepted to the commissioners' award for land taken as well as for damages to the remainder. An order entered pursuant to a joint motion in county court fixing the value of land taken does not preclude the jury from determining the value on a de novo trial in circuit court. We hold, therefore, that testimony as to the value of the entire tract was relevant and admissible, and the circuit court erred in refusing to admit such testimony.

It follows that the circuit court erred in instructing the jury that the measure of damages is the difference in the value of the *remaining* land immediately before and after the taking, less any enhancement resulting from the improvement, for the difference in market value of the *entire tract* before and after the taking, less any enhancement in value from the improvement, is the proper measure of damages.

The judgment is reversed.

PALMORE, J., not sitting.