**The CINCINNATI, NEW ORLEANS & TEXAS PACIFIC RAILWAY COMPANY, a Corporation, Appellant,**

**v.**

**COMMONWEALTH of Kentucky, DEPARTMENT of HIGHWAYS, Appellee.**

Court of Appeals of Kentucky.

Feb. 28, 1964.

---

Lewis Levy, Geoghegan, Levy & Daly, Cincinnati, Ohio, for appellant.

John B. Breckinridge, Atty. Gen., Frankfort, H. D. Reed, Jr., Asst. Atty. Gen., C. E. Skidmore, Douglas Curry, Department of Highways, Frankfort, for appellee.

MONTGOMERY, Judge.

The Cincinnati, New Orleans & Texas Pacific Railway Company appeals from a highway condemnation judgment by which it was awarded $11,877.75 for the taking of 8.07 acres of land. Appellant contends that the court erred in the admission and exclusion of testimony and in the refusal of an instruction.

The land in question is located on Crescent Springs Pike between Erlanger and Covington. It consisted of 24.4 acres of unimproved, uncultivated land. It was divided by appellant's railroad right of way so that 18.84 acres were west of the railroad and 5.56 acres were east of it. Appellee took 6.01 acres of the western parcel and 2.06 acres of the eastern parcel, leaving 12.83 acres and 3.5 acres, respectively, or a total remainder of 16.33 acres.

The testimony is conflicting as to the amounts of highway frontage taken and remaining. Appellant's testimony was that the frontage of the western parcel on Crescent Springs Pike was reduced from 650 feet to 185 feet. Appellee's testimony was that the frontage consisted of only 480 feet before the taking, all of which was taken, but that new frontage of 165 feet was created. Upon completion of Inter-

state Highway 75, this property will be located 1.2 miles from the Buttermilk Road interchange and 2.1 miles from the Donaldson interchange.

Appellant complains that the appellee was permitted to introduce evidence that the value of land in Kenton County had increased between the date of the public announcement of improvement (April 26, 1957) and the date of taking (January 26, 1959). It also complains that evidence of enhancement in value because of nearness to the two interchanges was admitted.

■ The first complaint is not supported by the record, but there was evidence as to enhancement in value of the property taken and especially evidence of enhancement in value by reason of nearness to the two interchanges. Testimony of enhancement in value of property between the date of public announcement of the improvement and the date of the taking, which is attributable to the expected improvement, is admissible. Such enhancement in value is not compensable. Watson v. Chesapeake & O. R. Co., 238 Ky. 31, 36 S.W.2d 641; Commonwealth Department of Highways ex rel. v. Baldwin, 312 Ky. 782, 229 S.W.2d 744; Commonwealth Dept. of Highways v. Blackburn, Ky., 364 S.W.2d 332. Cf. Commonwealth Dept. of Highways v. Sherrod, Ky., 367 S.W.2d 844.

Further, witnesses on both sides testified to the value of the land as of January 26, 1959, the date of its taking. Testimony was admitted of two comparable sales, one shortly before and the other shortly after that date. The instructions directed that the jury fix the value as of January 26, 1959.

■ The value of the land in its condition and situation at the time of taking is the value to be determined. Evidence which tends to raise or lower that value is competent. United Fuel Gas Company v. Mauk, Ky., 272 S.W.2d 810. The evidence and instructions both pointed to January 26, 1959, as the date for which the value was to be fixed. There is no merit in the first two grounds urged for appeal.

■■ The court refused to admit testimony offered by appellant that it was damaged $6,415 by reason of loss of frontage taken. The amount of damages sought was fixed at the claimed cost of additional frontage in lieu of the frontage lost. Such testimony is erroneous since the landowner is entitled to recover only on the basis of the fair market value of the property at the time of taking. Commonwealth, by State Highway Commission v. Begley, 261 Ky. 812, 88 S.W.2d 920; Commonwealth Dept. of Highways v. Rankin, Ky., 346 S.W.2d 714; Commonwealth, Dept. of Highways v. Eubank, Ky., 369 S.W.2d 15. The evidence was properly rejected.

■ Appellant also complains that appellee's witness was permitted to testify that there was no demand to purchase appellant's property until it was taken by condemnation. There was no harm in such testimony since it was one of the conditions prevailing concerning the value of the property. Kentucky Hydroelectric Co. v. Reister, 216 Ky. 303, 287 S.W. 357.

■ An Instruction No. 4 was offered by appellant and refused by the court. In essence, the instruction said that the jury in determining the fair market value of the land was not limited to its actual use but that it could consider all uses and award compensation on the basis of its best use. The witnesses on both sides testified that the best use of the land was for industrial purposes. This was taken into consideration by them in evaluating the property. The jury heard this testimony. The instruction offered by appellant would serve only to single out and give undue prominence to the use of the land for industrial purposes. Stanley's Instructions, Volume 1, Section 28, page 54. The instruction would have further emphasized a point which was established and uncontradicted and it, therefore, was properly refused.

Judgment affirmed.