**COMMONWEALTH of Kentucky, DEPARTMENT OF HIGHWAYS, Appellant,**

**v.**

**Arthur WOOD and Beulah Wood, His Wife, Appellees.**

Court of Appeals of Kentucky.

June 5, 1964.

John B. Breckinridge, Atty. Gen., William A. Lamkin, Jr., Asst. Atty. Gen., F. D. Curry, Patrick J. Dixon, Dept. of Highways, Frankfort, for appellant.

William F. Threlkeld, Williamstown, for appellees.

STEWART, Judge.

In this condemnation suit involving 132 acres, the jury allowed the land owners, Arthur Wood and Beulah Wood, his wife, $11,000 for the land taken, consisting of 33.86 acres, whereas the highest value placed on this property by any witness was $9311.50. Appellees argue that such a jury finding is not reversible error, since the whole amount awarded for both the land taken and the damages to the adjacent property is within the limits of the evidence introduced.

In Commonwealth, Department of Highways v. Treadway, Ky., 346 S.W.2d 296, the jury found $10,000 as damages to the remaining property, although the evidence showed maximum resulting damages of only $7433. This Court determined this amount was contrary to and in disregard of the evidence and reversed the judgment. It was pointed out the allowance for this item exceeded the proof introduced.

Appellees' witnesses testified it would be necessary to rearrange the fencing by reason of splitting the farm in half because of the construction of the new highway. These witnesses estimated the number of rods for this purpose at 75 and the cost from $7.50 to $8.25 per rod. Here, however, the needed fencing along the interstate highway has been erected by the state. Thus, the only fencing made necessary (as defined in Smick v. Commonwealth, Ky., 268 S.W.2d 424) was taken care of. In Commonwealth Dept. of Highways v. Sherrod, Ky., 367 S. W.2d 844, decided after this case was tried, we held that fencing, internal or external, was no longer a separate item of damage.

■ Relocation of internal fencing becomes a matter of the personal prerogative and desire of the owner. Appellees contend the evidence as to the fencing proposed is proper in proving the diminution of the value to the remainder of the land. This Court held otherwise on an analogous point in Greenup County v. Redmond, Ky., 335 S.W. 2d 335. As the fencing cost represents an expense which is not an element of recovery, under the facts stated, it should be excluded as a subject of proof in the event of another trial.

■ The Commonwealth's complaint in respect to one of the instructions is well taken. The trial court established June 8, 1959, as the date of taking upon which the jury should fix the "before" value of the property in order to arrive at the total amount of recovery. The Commonwealth contends that August 25, 1958, was the proper date, as on that day a public hearing was held which informed the community in general of the public improvement to be undertaken. Evidence by avowal was also introduced which disclosed the property values in Grant County increased 10% from and after August 25, 1958, to June 8, 1959, (the latter being the date of the county court order permitting condemnation of this property).

■ In a number of cases we have held the measure of recovery, in a case such as the one before us, is the difference between the fair market value of the property just before it was generally known the highway would be constructed and its fair market value just after the highway's completion. See City of Ashland v. Queen, 254 Ky. 329, 71 S.W.2d 650. See also Hutcherson v. Louisville & N. R. Co., 247 Ky. 317, 57 S.W. 2d 12; Watson v. Chesapeake & O. Ry. Co., 238 Ky. 31, 36 S.W.2d 641.

The instruction offered by the Commonwealth will be given, if the evidence be the same at another trial. The trial court will also limit the witnesses, who testify as to land values or resulting damages, in accordance with the foregoing principle.

A final complaint is that the opinion evidence given by witnesses for the property owners lacked probative value, as they were unable to give facts to support their estimates of value or of damages. We have written on this subject so many times that it will serve no good purpose to repeat the principles to be adhered to in the introduction of evidence to establish the taking and resulting damages to real estate involved in a condemnation proceeding.

In the recent case of Commonwealth, Department of Highways v. Swift, Ky., 375 S.W.2d 691, we set forth certain criteria governing the qualification of witnesses and respecting the competency of evidence in condemnation cases. We make reference to these for the consideration of the trial court, if there be another trial.

Wherefore, the judgment is reversed for further proceedings consistent with this opinion.