Isaac THARP et al., Appellants,

v.

The URBAN RENEWAL AND COMMUNITY DEVELOPMENT AGENCY OF the CITY OF PADUCAH, Kentucky, Appellee.

Charles L. OVERTON et al., Appellants,

v.

The URBAN RENEWAL AND COMMUNITY DEVELOPMENT AGENCY OF the CITY OF PADUCAH, Kentucky, Appellee.

Court of Appeals of Kentucky.

Feb. 5, 1965.

As Modified on Denial of Rehearing April 30, 1965.

Adrian H. Terrell, Terrell, Schultzman & Hardy, Joseph J. Grace, Paducah, for appellants.

Roy N. Vance, Paducah, for appellee.

DAVIS, Commissioner.

The present appeals (in consolidated cases) present a novel question arising from certain zoning regulations as related to market value of property being condemned for Urban Renewal purposes. A subordinate question as to the appropriate date to be used as the "taking" date also is presented.

The appellants (property owners in the respective cases) own adjoining lots fronting upon the north side of Beltline Highway in Paducah. The lots are situated in the area now known and referred to as the Tyler Park Urban Renewal area in that city.

Under a comprehensive zoning ordinance, adopted in 1952, all property on both sides of Beltline Highway from Maggie Street east to the city limits was zoned for R–3 Two-Family residential use. All of the

property remained in that classification until June 8, 1961, at which time the comprehensive zoning ordinance and zoning map were amended and revised. By the terms of the latter ordinance, the entire Tyler Park Urban Renewal area (including the lots here involved) was classified as M–2 Light Industrial. The M–2 classification was further limited by a provision forbidding residential and business uses except those accessory to an established and operating industrial use.

On February 23, 1960, the Paducah Board of Commissioners adopted an ordinance creating an Urban Renewal Agency. KRS 99.320. Shortly before that enactment, the various property owners of the lands abutting Beltline Highway, including the instant property, had filed application with the appropriate authority, seeking rezoning of the property to a B–3 General Business classification. A tentative report was adopted February 17, 1960, by the zoning authority as its proposal to so change the classification to the B–3 General Business classification. However, at a hearing on March 16, 1960, the zoning authority did not change the classification, but continued the matter generally.

It was at the March 16th hearing that the executive director of the Urban Renewal Agency appeared before the zoning authority and apprised that agency that the Urban Renewal authority "desired to have zoning in that area [in which the presently involved property is situated] frozen keeping it in the residential classification." It appears that the zoning authority took no further action affecting the Tyler Park Urban Renewal area until its action of June 8, 1961, mentioned above, whereby the M–2 Light Industrial classification was made effective.

The appellants proffered evidence, which was received by avowal only, to the effect that the highest and best use for their property is "highway commercial" use—the type of use permissible under the B–3 classification that had been sought. Additionally, appellants presented by avowal evidence tending to support their contenion that but for the influence of Urban Renewal, there was reasonable probability that favorable zoning to B–3 classification could be obtained. This evidence was bolstered by a showing that community demands indicate the reasonable probability of immediate need for such business type properties in Paducah.

Appellants have ably urged that we should follow decisions which permit an exception to the general rule as it relates to testimony for uses against which a property is zoned. In Long Beach City High School District v. Stewart, 30 Cal.2d 763, 185 P.2d 585, 173 A.L.R. 249, the principle is thus stated:

> "In other words, the general rule is that present market value must ordinarily be determined by consideration only of the uses for which the land 'is adapted and for which it is available.' The exception to this general rule is that if the land is not presently available for a particular use by reason of a zoning ordinance or other restriction imposed by law, but the evidence tends to show a 'reasonable probability' of a change 'in the near future' in the zoning ordinance or other restriction, then the effect of such probability upon the minds of purchasers generally may be taken into consideration in fixing present market value."

Numerous authorities from other jurisdictions are collated in the annotation found at 173 A.L.R. 265 et seq. Many of them recognize and apply the rule as just enunciated. Although the matter seems to be one of first impression in this jurisdiction, we are of the view that it is not appropriate to reach it in the case at bar.

It is recalled that the Paducah zoning authority had the application of appellants for rezoning to B–3. Although it

appears that no formal ruling on that application was ever made, the appellants do concede that the classification to M–2 on June 8, 1961, had the effect of denying the B–3 applications. We are precluded from looking into the motives of the zoning authority when the action of the zoning authority does, in fact, bear an appropriate relation to the objects of the zoning statute. Adams v. City of Richmond, Ky., 340 S.W. 2d 204, 206; City of Louisville v. Bryan S. McCoy, Inc., Ky., 286 S.W.2d 546. Thus, it appears to us, it would not be appropriate to submit as an issue whether there is reasonable probability of obtaining a changed zoning in face of the action of the zoning authority. Such a submission would involve entirely collateral matters, to wit, the motives underlying the completed actions of the zoning authority and the factors both real and speculative that might influence their actions in the future.

■ Paducah is a second class city. KRS 81.010. There is no specific statutory appeal process prescribed as respects actions of zoning authorities in such cities. However, our decisions recognize that the courts will afford redress against injurious action of such zoning authorities if the actions are illegal, arbitrary and capricious. Hatch v. Fiscal Court of Fayette County, Ky., 242 S.W.2d 1018. See also American Beauty Homes Corp. v. Louisville, etc., Ky., 379 S.W.2d 450, for discussion of scope of judical review of actions of zoning bodies. It is our view that under the circumstances shown in this case the action of the zoning authority classifying the instant land in M–2 Light Industrial foreclosed the inquiry as to any likelihood that a B–3 classification could be obtained.

What we have just said makes is unnecessary to further consider the appellants' claimed error in the trial court's refusal to instruct the jury on appellants' theory of reasonable prospect for obtaining changed zoning.

■ Counsel for all parties have asked that we indicate the controlling date for determination of the precondemnation value of the property. The evidence disclosed that a public hearing relating to the Tyler Park area was held shortly before October 17, 1961, the date on which the city commission adopted the urban renewal project. We adhere to the rule that the property owner is entitled to the value of his property taken by condemnation as of the taking date; however, we have recognized the corollary rule that the "before" valuation date is at the time just before it was generally known that the public project would be performed. Com. of Ky., Dept. of Highways v. Wood, Ky., 380 S.W.2d 73, and cases there cited. The rationale for the rule is that the landowner is not to be penalized for any depreciation in value attributable to the public's learning of the condemnation, nor is the condemnor to be required to pay for any enhancement in values which may be attributable to the proposed project. In these cases the interlocutory judgment prescribed by KRS 99.420(9) was not entered until August 13, 1963; there was evidence that the market values in the area had increased between October, 1961, and August, 1963.

■ It is our view that the "taking date" may properly be said to be August 13, 1963, but the jury should be instructed that neither enhancement nor depreciation in value, attributable to the public project, is to be considered in fixing "before" valuation. Cf. Com. of Ky., Dept. of Highways v. Blackburn, Ky., 364 S.W.2d 332; 147 A.L.R. 66 et seq. Since this question is not presented for review in the present appeals, the trial court's nonobservance of the principles here enunciated has no effect on the judgments before us.

The judgments are affirmed in each appeal.