**COMMONWEALTH of Kentucky, DEPART-
MENT OF HIGHWAYS, Appellant,**

**v.**

**Troy BROWN et al., Appellees.**

Court of Appeals of Kentucky.

June 18, 1965.

---

John B. Breckinridge, Atty. Gen., William A. Lamkin, Jr., Asst. Atty. Gen., Frankfort, Edmond H. Tackett, Pikeville, for appellant.

Joe Hobson, Prestonsburg, for appellees.

DAVIS, Commissioner.

The Department of Highways appeals from the judgment awarding appellees $6,000 in this condemnation suit. Two bases for reversal are asserted: (1) The court erred in permitting incompetent evidence, and (2) the verdict is excessive.

The land involved is a farm which contained about sixty acres before the taking. It lay on existing Ky. Highway 114 (Prestonsburg-Salyersville Road). The taking is of 3.74 acres of bottom land and encompasses a strip traversing the southern portion of the farm. The effect of the taking is to divide the bottom land (which had originally contained 10.28 acres) into two tracts containing 3.67 acres and 2.87 acres

each. Also involved is a temporary easement of 0.12 acres. The new highway to be constructed on the acquired right of way will cross the area on a fill ranging from twelve to eighteen feet in height. Incident to the highway construction the channel of Middle Creek will be moved slightly farther away from the residence of appellees.

Without detailing each item of it, it is sufficient to observe that appellant contends that evidence of values given by witnesses for appellees was premised on non-compensable items, was supported by an improper comparable sale, and came from witnesses who did not demonstrate adequate knowledge of the farm to support their testimony. These things, appellant asserts, combined to cause an excessive verdict.

We find no merit in the arguments of appellant on this record. The alleged non-compensable item had to do with "circuity of travel," and we have said that true "circuity of travel" is non-compensable. Cartee v. Com., Dept. of Highways, Ky., 374 S.W.2d 860, and cases there cited. However, the witnesses here did not relate their evidence to circuity of travel as such, but directed this evidence to the destruction of the farm's unity. It was pointed out that the severed tracts of bottom land were comparatively small and their separation will adversely affect the overall market value of the unit. We think this is appropriate.

In reviewing the evidence we are satisfied that the witnesses evinced sufficient knowledge of the land to express value opinions. The mere fact that some of them would not say exactly the number of acres in the entire boundary (although they had been on the farm) does not *ipso facto* demonstrate fatal unfamiliarity with the subject matter.

Appellees' witnesses testified concerning a sale of land which appellant asserts was not truly comparable. That there is a substantial difference in the subject land and the alleged comparable sale was

brought out before the jury. The jury had a right to know of this sale and adjust for the difference. Stewart v. Com. for Use and Benefit of Dept. of Highways, Ky., 337 S.W.2d 880.

The jury's verdict was well within the range of the testimony. It may appear liberal, but it does not strike us at first blush as being so excessive as to indicate its having been rendered as the result of passion or prejudice.

This view of the case makes it unnecessary to consider appellees' claims that the motion and grounds for new trial should have been stricken.

The judgment is affirmed.

HILL, J., not sitting.