**COMMONWEALTH of Kentucky, DEPART-
MENT OF HIGHWAYS, Appellant,**

**v.**

**Mary Potts Hagyard BURNS et al., Appellees.**

Court of Appeals of Kentucky.

July 2, 1965.

Robert Matthews, Atty. Gen., William A. Lamkin, Jr., Asst. Atty. Gen., H. C. Smith, Dept. of Highways, Frankfort, Deddo G. Lynn, Department of Highways, Lexington, for appellant.

Strother Kiser, Lexington, for appellees.

CULLEN, Commissioner.

The Commonwealth of Kentucky, Department of Highways, appeals from a judgment awarding the appellee landowners $54,015 as the difference in value of their farm resulting from the taking by condemnation for highway purposes of a strip of land running diagonally across the farm.

Admittedly the farm, originally consisting of 295 acres, was high value property. The witnesses for the Commonwealth gave it a "before" value of $200,000, and the landowners' witnesses put the value as high as $250,000. The condemnation (for a nonaccess highway) took a strip 300 feet wide which resulted in the farm's being divided into two separate, triangular tracts, one of 105 acres with the main (luxury-type) dwelling and a large barn on it, and the other of 164 acres with a tenant house and a number of outbuildings on it. The strip taken embraced 25.5 acres.

At the close of the opening arguments the Commonwealth moved for a mistrial, on the ground that one question asked and one remark made by appellees' counsel on voir dire examination of the jury, and four references to damage factors made by appellees' counsel in his opening statement to the jury, cumulatively had such a prejudicial effect as to prevent a fair trial, notwithstanding that as to each of the allegedly improper things an objection by the Commonwealth had been sustained and, when asked for, an admonition given. The Commonwealth maintains that the court erred in overruling the motion for a mistrial.

The question asked the jurors on voir dire, which brought out the fact that the federal government would pay

most of the condemnation award, was not considered by counsel for appellant to be, by itself, of mistrial proportions, because the only remedy sought at the time was an admonition, which was given. The remark to one of the jurors, to the effect that on some unidentified occasion counsel for appellees had "voted for" the juror, was of no ultimate consequence because that juror did not sit on the trial. One of the references in the opening statement, to the claimed fact that the appellees no longer would be able to hear the call of the mourning doves, was inconsequential. Two of the references, one to the inconvenience that would result from continued operation of the separated parcels as a single farm unit, and the other to the cost of the main dwelling on the farm, would have been proper if limited in application to their effect on market value. Commonwealth, Department of Highways v. Stamper, Ky., 345 S.W.2d 640; Commonwealth, Department of Highways v. Sherrod, Ky., 367 S.W.2d 844. The fourth reference, to the amount of fencing that would be required, was of course improper. Commonwealth, Department of Highways v. Wood, Ky., 380 S.W.2d 73. None of these things was calculated to arouse passion, and there was no more effort to get before the jury improper factors of damage than seems to be customary in condemnation cases in Kentucky. In our opinion the possibility that the jury might have been prejudiced by the cumulative effect of the various things complained of was not so strong as to have required the granting of the motion for a mistrial.

Appellant next contends there was error in permitting the landowners' witnesses to testify concerning inconvenience, such as the necessity to haul livestock and farm products back and forth by truck, encountered after the condemnation in the landowners' efforts to continue to operate the separated parcels as a single farm unit.

Certainly, to the extent that this testimony might be calculated to create in the minds of the jurors the idea that compensation could be allowed for personal inconvenience or for hurting the owners or making less advantageous the use of the property for their particular purposes, the testimony would be improper. Commonwealth, Department of Highways v. Sherrod, Ky., 367 S.W.2d 844; Commonwealth, Department of Highways v. Wood, Ky., 380 S.W.2d 73. However, we think it would be proper for the limited purpose of showing that as a fact the two parcels no longer could feasibly be operated as a single farm, as a foundation for testimony that the two parcels, separately, would have less value than if operable as a single farm.

Since the testimony was admissible for a limited purpose, and since the Commonwealth did not move for an admonition but simply objected to the testimony in toto, the court did not err in admitting the testimony. Commonwealth, Department of Highways v. Shaw, Ky., 390 S.W.2d 161 (decided May 7, 1965).

It is suggested by appellant that the testimony concerning inconvenience of attempted continued operation of the farm as a single unit represented an effort to obtain damages for reduction in value attributable to "circuity of travel," which is a noncompensable element of damage. See Cartee v. Commonwealth, Department of Highways, Ky., 374 S.W.2d 860. However, as pointed out in Commonwealth, Department of Highways v. Brown, Ky., 392 S.W.2d 50 (decided June 18, 1965), the kind of circuity of travel that is a noncompensable factor is travel from the landowner's property to other places on the highways system—not travel from one place on the landowner's property to another place on the same property.

We think it should be made clear that in situations such as here presented, where a farm has been severed into separate parcels, the "after" value should be

based solely on what exists after the taking, without regard to what existed before the taking; the question is not how much did the taking do by way of damage to the original farm, but what was the value of the farm before the taking and what is the value of the parcels that remain. The fact that the separate parcels into which the farm has been split cannot feasibly be operated as a single unit has no relevance except as may be given as a value-affecting factor by a witness who testified that the separated parcels would bring less on the market, sold as separate parcels, than they would bring if they could be sold as a single unit.

■ Appellant's counsel makes a sort of "Mother Hubbard" argument, covering everything and touching nothing, with respect to allowance for depreciation of value attributable to aesthetic factors. He says that the proof was not strong, but does not enlighten us as to what the proof consisted of. He complains of the testimony of one witness who spoke of loss of attractiveness of view without relating it to depreciation of market value, but the only objection made to this on the trial was that aesthetic factors could never be considered, which was not a valid objection. Commonwealth, Department of Highways v. Raybourne, Ky., 364 S.W.2d 814. He states that objections should have been sustained to testimony of valuation witnesses that loss of view, peace and quiet, and the presence of noise, traffic and odors, effected a depreciation of market value, but he does not suggest on what principle of law the objections should have been sustained. He cites a Missouri case as authority for the proposition that depreciation in value attributable to traffic noise is not compensable, whereas in our case of Commonwealth, Department of Highways v. Elizabethtown Amusements, Ky., 367 S.W.2d 449, we held that it is. Nothing that would constitute reversible error is shown by the appellant.

The judgment is affirmed.