**COMMONWEALTH of Kentucky, DEPARTMENT OF HIGHWAYS, Appellant,**

**v.**

**Earl ROSE and Hettie Rose, Wife, Appellees.**

Court of Appeals of Kentucky.

July 2, 1965.

Robert Matthews, Atty. Gen., William A. Lamkin, Asst. Atty. Gen., C. E. Skidmore, Dept. of Highways, Frankfort, Walter Mobley, Flemingsburg, for appellant.

H. R. Wilhoit, Jr., Wilhoit & Wilhoit, Grayson, W. H. Counts, Olive Hill, for appellees.

WILLIAMS, Judge.

The Commonwealth of Kentucky, Department of Highways, condemned a strip

of land 18 feet deep across the front of a lot belonging to appellees for the purpose of widening U. S. 60 through the city of Olive Hill. An additional 14-foot strip was taken for temporary use during construction. A jury in the Carter Circuit Court found the difference in value before and after taking to be $8,000. The Commonwealth has appealed.

This case has been tried twice in the Carter Circuit Court. The first judgment in the amount of $7,750 was reversed by this Court on the grounds that the amount allowed for temporary easement was excessive, and the trial court erred in refusing to permit proof of on-street parking. On this trial the evidence of on-street parking was admitted and the jury's award for temporary easement was substantially reduced. However, the Commonwealth claims that there was not sufficient evidence to sustain the verdict, and that the trial court erred in refusing to strike the testimony of the landowners' witnesses.

In Commonwealth v. Tyree, Ky., 365 S.W.2d 472 (1963), it was stated that, if a witness based his estimate on irrelevant factors, his testimony is subject to objection or motion to strike. But, where a witness used both proper and improper factors, his entire testimony is not subject to be stricken. Commonwealth v. York, Ky., 390 S.W.2d 190 (1965); Commonwealth v. Shaw, Ky., 390 S.W.2d 161 (1965). It is incumbent upon the movant to show where the testimony has no probative value and to restrict his motion to that portion of the evidence which is related to and founded upon the unreliable or unjustified factors. Although some of the evidence of appellees' witnesses was based upon improper factors, some of it was not, and, consequently, the testimony of such witnesses was not subject to be stricken in its entirety.

The second ground raised by the Commonwealth that the verdict is not sustained by sufficient evidence is well taken. A building was located on appellees' property 52 feet from the front property line. The 18 feet taken left 34 feet between the new property line and the front of the building. The witnesses for appellees testified that before the taking the property was rented to a National Guard unit which parked tanks and trucks in front of the building. After the taking appellees' witnesses say there is no room for parking at all. Although they were not familiar with the measurements of the lot or the number of feet taken by the Commonwealth, they based their estimates of the after value of the property on the fact that all parking area was gone. It doesn't make sense that tanks and other vehicles could be parked in front of the building when there were 52 feet separating it from the highway, but nothing can be parked there now that there are 34 feet separating it from the highway. Each of the witnesses testified that the taking caused the market value of the property to be reduced 50 per cent.

The testimony of appellees' witnesses that the value of the property was reduced 50 per cent because no parking space remained is obviously without probative value. Commonwealth v. Tyree, supra. Except for the lack of parking space, there was no basis by which they came to their conclusions. We said in Commonwealth v. Priest, Ky., 387 S.W.2d 302 (1965), that bare opinions of appraisal witnesses, while admissible, lacked sufficient probative value to support the appraisals to which they testified. In Priest, we also said:

"Although we are cognizant of the salutary precept that the determination of the amount of damages is primarily the province of a properly instructed jury, we remain impressed with our responsibility to upset any verdict in which the jury's award appears so excessive as to strike us as being unreasonable, and such as to show that the jury acted as the result of passion, partiality or prejudice."

Upon the first appeal this case was reversed because the award given for the temporary easement was excessive, and because certain testimony was not permitted to be introduced on behalf of the Commonwealth which resulted in an excessive award for the land taken. On this appeal the jury has awarded the landowners an even greater amount for the land taken, based upon testimony which lacks probative value to sustain the estimates testified to by the witnesses or the jury's verdict. The verdict strikes us as being palpably excessive.

The judgment is reversed.