COMMONWEALTH of Kentucky, DEPART-
MENT OF HIGHWAYS, Appellant,

v.

J. Randolph HENDRICKS et al., Appellees.

Court of Appeals of Kentucky.

March 18, 1966.

Robert Matthews, Atty. Gen., William A. Lamkin, Jr., Asst. Atty. Gen., Charles Huddleston, Bowling Green, for appellant.

James H. Lucas, Harlin, Parker & Ricketts, Bowling Green, for appellees.

CLAY, Commissioner.

In this highway condemnation case the Commonwealth took 20 acres of a 98-acre farm situated about 3½ miles south of Franklin. The property taken was to be used for the construction of an interchange on I–65 and U.S. 31–W. The jury awarded $9,150.

Appellant's principal contention is that it was not permitted to benefit from the enhancement in value of the landowners' *remaining* property by reason of the location of the interchange. The specific argument, however, relates to the exclusion of evidence concerning public knowledge of the proposed project *prior* to the taking, and the trial court's requirement that the witnesses relate their before and after values to the date of the taking.

Our cases generally acknowledge the principle that enhancement in the value

of property attributable to a proposed improvement is not a compensable item of value. Commonwealth Dept. of Highways v. Blackburn, Ky., 364 S.W.2d 332; Cincinnati, N. O. & T. P. Ry. Co. v. Com., Dept. of Highways, Ky., 376 S.W.2d 307; Com., Dept. of Highways v. Wood, Ky., 380 S.W. 2d 73; Tharp v. Urban Renewal & Community Develop. Agency, Ky., 389 S.W.2d 453. See also annotation in 147 A.L.R. 66. We have not definitively spelled out the practical applications of this rule and we find it unnecessary to do so in this case.

■ The particular testimony excluded, which the Commonwealth attempted to introduce, did not tend to prove that the proposed project enhanced the value of this farm property, or that the project was generally known, or that it affected the land value appraisals. Under these circumstances we cannot find that the rejection of this testimony constituted prejudicial error.

■ Under the evidence in this case, the court properly limited the witnesses to the before and after values as of the taking date. (Only in exceptional cases may other dates be used, and some question may be raised as to the practicability of recognizing any exception.)

■ It is next contended by the Commonwealth that the appraisal testimony of two witnesses should have been stricken because their knowledge of appellees' property was somewhat limited, particularly with respect to the crop bases on the farm. We are of the opinion that the matter complained of went to the credibility of the witnesses' testimony but was not so disqualifying as to require their testimony to be stricken.

■■ The final contention is that the verdict is excessive. The Commonwealth's principal argument on this point is that the project so enhanced the after value of the remaining property that the award cannot be justified. However, there was a sharp

issue on this question of enhancement and the jury was not required to believe that the building of the interchange automatically converted appellees' farmland to valuable commercial property. While we think the award was liberal, it was substantially less than that allowed by the county court commissioners, and we do not find it to have been the result of passion and prejudice.

The judgment is affirmed.