COMMONWEALTH of Kentucky, DEPARTMENT OF HIGHWAYS, Appellant,

v.

GIBBS ENTERPRISES, INC., Appellee.

Court of Appeals of Kentucky.

Feb. 14, 1969.

John B. Breckinridge, Atty. Gen., Don Duff, Frankfort, Dept. of Highways, J. D. Atkinson, Sr., Atkinson & Atkinson, Greenup, Lewis D. Jones, Flemingsburg, Dept. of Highways, for appellant.

C. B. Creech, Stanley R. Hogg, Ashland, for appellee.

PALMORE, Judge.

The Department of Highways appeals from a judgment awarding Gibbs Enterprises, Inc., $36,000 as compensation for the taking of a strip of land fronting on U. S. Highway 23 in Greenup County near the City of Ashland.

The land taken is part of a 2.75-acre triangle bought by Gibbs in 1964 for $25,000. It was then a swampy area and was below the level of Highway 23. Gibbs had it filled and graded and put in a railroad spur. The triangle is bounded on the west by the highway, on the east by the C. & O. Railroad, and on the south by White Oak Creek. An area of .31 acres next to the creek is subject to a pondage easement and is unusable.

Engineers for the respective litigants differ in their calculations of the exact amount of acreage taken. The state says it is 1.08 acres and the landowner says it is 1.33 acres. We think the jury could reasonably have concluded that about half of the usable area was taken.

The purpose of the condemnation was to widen Highway 23 from two lanes to four lanes. Before the taking the Gibbs property fronted 1460 feet on the highway.

Its greatest depth was 180 feet, at a point 250 feet north of the creek, and it narrowed down to a point at the north end. The railroad spur entered from the east side at a point some 750 feet north of the creek and ran southward about parallel with the highway to a point 400 feet north of the creek. Its closest proximity to the highway right-of-way was about 50 feet.

Except for its north and south extremities the strip taken by the highway department is roughly 40 to 50 feet wide, subject to minor variations. At one point it is seven feet from the closest rail of the spur track. The remainder tract has about the same shape as the whole piece had before the taking, except that it is smaller in size and now fronts 1040 feet on the highway. Its greatest depth is now 125 feet as against 180 feet before the taking.

The valuation figures given in evidence and found by the jury were as follows:

| | Before | After | Difference |
|---|---|---|---|
| For the Commonwealth: | | | |
| Turner | $ 49,000 | $ 36,000 | $ 13,000 |
| Robinson | 50,000 | 35,000 | 15,000 |
| For the landowner: | | | |
| Gibbs | 115,000 | 20,000 | 95,000 |
| Montague | 85,000 | 15,000 | 70,000 |
| Williams | 95,000 | 15,000 * | 80,000 |
| The verdict: | 60,000 | 24,000 | 36,000 |

The date of the taking was May 2, 1966. Before trial the court overruled a motion by the highway department that June 28, 1963, be fixed as the "before" valuation date because that was when notice of the proposed improvement was first published in the Greenup News. The motion stated that immediately thereafter the value of property in the vicinity had risen sharply. The highway department contends that the overruling of its motion was a prejudicial error, citing Tharp v. Urban Renewal & Community Develop. Ag., Ky., 389 S.W.2d 453, 456 (1965); Commonwealth, Dept. of Highways v. Blackburn, Ky., 364 S.W.2d 332, 333 (1963). In this respect those cases merely stand for the proposition that if there is evidence that a rise or fall in value of the property occur-red before the taking by reason of the prospect of the acquisition project the jury should be instructed to exclude or disregard it. The witnesses for both sides testified on the point and the trial court gave such an instruction.

Requiring valuation witnesses and the jury to fix the value of the property at a time before the actual date of taking, instead of instructing the jury to exclude any fluctuations resulting from foreknowledge of the project, would in most cases be unworkable. For one thing, it would eliminate fluctuations resulting from other legitimate causes. And certainly it could not be proper if the witnesses dispute the question of whether advance knowledge of the project affected the value of the

---

* The trial court struck this estimate (because it was partially based on an improper factor) and erroneously refused to permit the witness to recast his testimony. Cf. Commonwealth, Dept. of Highways v.

Mayes, Ky., 388 S.W.2d 125, 127 (1965); Commonwealth, Dept. of Highways v. Claypool, Ky., 405 S.W.2d 674, 676 (1966).

property. It is our opinion that the procedure followed by the trial court in this case was eminently correct. The motion was properly overruled.

■■■ The highway department further contends that the award was excessive. We do not find it so. The only circumstance that might lead one to look twice at the amount of the award is that Gibbs had only $49,900 invested in the property, suggesting the possibility that his "before" valuations were too high. However, what a man pays for a piece of property is not an infallible measure of its market value. Shrewd men make fortunes by acquiring property for less than it is worth. B. E. Gibbs, chief stockholder of the corporate landowner in this case, testified that he got a bargain when he bought this property for $25,000. .The $24,900 worth of improvements put on it thereafter may well have enhanced its value beyond the bare cost. The highway department's own experts admitted that the property is located "right in the heart of a highly developed industrial complex" and that Greenup County is a fast-growing industrial area. The witness Turner testified that there had been a steady and substantial increase in the value of the property since 1959, and although he attributed much of it to the fact that the road was going to be widened, the witnesses for the landowner testified that the prospect of the road project did not affect the value. So it is established by the highway department itself that the property rose sharply in value between 1963 and 1966. Otherwise there would have been no reason for it to make a point of the 1963 newspaper notice. The fact of the increase was not in dispute, but the *reason for it* was, and the jury was authorized to believe from the evidence that the enhancement did not result from the prospect of the improvement project.

The judgment is affirmed.

All concur.