**COMMONWEALTH of Kentucky, DEPARTMENT OF HIGHWAYS, Appellant,**

v.

**Minnie G. BRADLEY, widow, et al., Appellees.**

Court of Appeals of Kentucky.

June 23, 1972.

Carl T. Miller, Jr., Dept. of Highways, Frankfort, Charles W. Huddleston, Dept. of Highways, Bowling Green, for appellant.

Harry W. Berry, Glasgow, for appellees.

EDWARD P. HILL, Jr., Judge.

A jury verdict awarded the appellees, landowners, $11,000 for a taking of 602 square feet from their lot to be used for the improvement of Lewis Street in Glasgow, Kentucky, so it could be used for state highway purposes.

The state has appealed from the judgment entered on the verdict and relies upon the following three claimed trial errors for reversal: "(1) The trial court erred in refusing to admonish the jury that the value of the appellees' property remaining after the taking should reflect the reasonable probability of a zoning change from residential to commercial; (2) the trial court erred in refusing to strike the testimony of Minnie Bradley and Rudolph Watts as to the value of the property remaining after the taking because each assumed that it must remain zoned residential despite undisputed proof to the contrary; and (3) the verdict lacks the support of sufficient probative evidence, and it is excessive."

Before it was disturbed, the appellees' property fronted 57 feet on Lewis Street and extended back in parallel lines 140 feet. Situated on the lot was a two-story frame building 30.5 feet by 40 feet, which housed a poolroom-restaurant combination and a barber shop. The building was approximately 50 years old and was not in a very good state of repair. It abutted onto the sidewalk. The property was zoned residential with a restriction that no residence could be constructed within 10 feet of the property line nor on a lot containing less than 7,500 square feet. The lot before the taking contained 7,980 square feet. The taking consisted of 602 square feet, leaving 7,378 square feet, which obviously is less than the restriction in the zoning regulation.

The appellant removed the building in the process of the taking. Prior to the re-

moval of the building, the appellees were realizing something between $115 to $145 per month as rentals.

The appellant's witnesses gave the following before and after values:

|  | BEFORE | AFTER | DIFFERENCE |
|---|---|---|---|
| Cox | $ 9,600 | $ 4,700 | $ 4,900 |
| Bishop | 9,900 | 4,900 | 5,000 |

Appellees' witnesses placed the following before and after values on the property:

|  | BEFORE | AFTER | DIFFERENCE |
|---|---|---|---|
| Bradley | $15,000 | $1,000 | $14,000 |
| Whitney | 14,000 | 2,000 | 12,000 |
| Watts | 14,000 | 2,000 | 12,000 |

The verdict of the jury fixed the before value at $14,000, the after value at $3,000, and the difference at $11,000.

■ The great variance between the testimony for the appellant and that given for the appellees on the value of the property before the taking is largely the result of differences in opinion. Both sets of witnesses were legally qualified. Considering the income-producing feature of the property, it is difficult for this court to disturb the before value fixed by the jury.

The real bone of contention on this appeal relates to the disparity between after values fixed by the state's witnesses and those fixed by the appellees' witnesses. The jury took a happy medium and fixed the after value at $3,000. The substantial difference between the after values fixed by witnesses was attributable, according to appellant, to the zoning classification of the property. The appellant contends that the remaining vacant lot was located in a fast developing area and that the prospects that it will be, or may be, changed from residential to commercial are imminent and that this fact was a necessary element for the jury to consider in fixing the after value.

It is pretty clear from the evidence that the appellant's witnesses considered that the lot could be reclassified from residential to commercial within the near future in fixing their after values. However, the appellees' witnesses declined to consider any possibility of a change in zoning.

■ Appellant's first argument claims error by the trial court in refusing to admonish the jury relative to the evidence on that question. The trial court permitted the state's witnesses to testify that they considered the possibility of a zoning change in arriving at their after values. The trial court did not consider it necessary to give an admonition. The mere fact that the trial court allowed the jury to hear this evidence was in effect a ruling on its competency and no admonition was proper or necessary as to the state's witnesses.

A more serious question is presented in appellant's second argument in which he questions the probative quality of the testimony of the landowners' witnesses. Appellant moved the court to strike the testimony of the appellees' witnesses on the ground that they failed to take into account an important and relevant factor in fixing their after values. That factor was the possibility or likelihood of a change in the zoning regulation of the area from residential to commercial.

■ The possibility or probability of a change in the zoning regulation is a proper consideration to be weighed in fixing the after value. 29A C.J.S., Eminent Domain, § 160. See also Commonwealth, Department of Highways v. Siler, Ky., 411 S.W. 2d 937; Chitwood v. Commonwealth, Department of Highways, Ky., 391 S.W.2d 381; and Tharp v. Urban Renewal and Community Development Agency of City of Paducah, Ky., 389 S.W.2d 453.

This court has in condemnation cases, consistently condemned evidence which takes into account improper factors. See Commonwealth, Department of Highways v. Sherrod, Ky., 367 S.W.2d 844; and West Kentucky Coal Company v. Commonwealth, Department of Highways, Ky., 368 S.W.2d 738.

■ The question of whether the subject property may or may not benefit from a change in zoning regulations and the probability of a change in the zoning classification are questions for the jury to determine. The question of the credibility of the witnesses is also for the jury to resolve. The jury could have accepted the testimony of the state's witnesses on the after value or it could have given more weight and consideration to the testimony of the appellees' witnesses. But actually the jury did neither. Its after value, as said before, was "betwixt and between" the two sets of witnesses.

■ No objections were made by the appellant to questions relative to the refusal of the property owners' witnesses to admit the possibility of a change in the zoning classification and its effect on the after value. However, at the conclusion of the landowners' evidence, the appellant moved the court to exclude all the evidence of appellees' witnesses on the ground that they had not taken into account the probability of a change in the zoning classification. The trial court in overruling the motion to strike this evidence made the following comment: "Well, of course he just told how he arrived at his opinion. * * * And it's a question of fact for the jury whatever weight they want to give to it." We agree with the trial judge that the admitted failure of appellees' witnesses to take into account the probability of a change in zoning classification was not a ground for striking the entire testimony of their witnesses. See Commonwealth, Department of Highways v. Rose, Ky, 392 S.W.2d 443; and Commonwealth Department of Highways v. Shaw, Ky., 390 S.W.2d 161. This is a matter that may go to the probative value to be given by the jury to their evidence.

■ Appellant's final argument to the effect that the verdict lacked support of sufficient probative evidence and is excessive is we think without merit. The amount of the verdict was within the range of the testimony, and we are not inclined to disturb the verdict of the jury in this respect.

The judgment is affirmed.

All concur.