COMMONWEALTH of Kentucky, DEPARTMENT OF HIGHWAYS, Appellant,

v.

SALMON CORPORATION, Appellee.

Court of Appeals of Kentucky.

Oct. 20, 1972.

As Modified on Denial of Rehearing Jan. 19, 1973.

Jim Robinson, Acting Gen. Counsel, Dept. of Highways, Frankfort, Louis Kawaja, Atty., Dept. of Highways, Lexington, for appellant.

C. Richard Doyle, Gess, Mattingly, Saunier & Atchison, Lexington, for appellee.

CULLEN, Commissioner.

The Commonwealth of Kentucky, Department of Highways, commenced proceedings in the Fayette County Court to condemn two parcels of land from a farm owned by Salmon Corporation. One parcel, of 15.733 acres, was for right of way for Interstate Highway No. I–64; the other, of 5.067 acres, was for construction of an access road to a 5.77-acre parcel of land owned by one Hamilton, which was being landlocked by the construction of I–64. Salmon Corporation contested the right of the department to condemn the access-road parcel. The county court entered judgment upholding the right to condemn, but on appeal by Salmon Corporation to the Fayette Circuit Court judgment was entered denying the right to condemn the access-road parcel. The department is appealing here from that judgment.

The ground on which the circuit court denied the right to condemn the access-road parcel was that no official order had been entered, as required by KRS 177.-081, designating that parcel as necessary for the construction of an adequate system of highways. The petition in the condemnation proceedings, filed in the county court in September 1970, referred to an order of the Commissioner of Highways dated March 20, 1964, which order described a segment of I–64 to be constructed in Fayette, Scott and Woodford Counties, recited that "In order to construct and maintain this facility, it is necessary that additional right of way be provided," and declared:

> "It is hereby declared a public necessity that this right of way be obtained according to the alignment and widths as shown on the plans, which are on file in the Frankfort Office of the Department of Highways, *as this alignment and these widths are necessary for the proper construction and maintenance of this facility. * * *"* (our emphasis)

The plans on file at the time the order was entered did not call for acquisition of right of way for the Hamilton access road. It appears that the plans were changed to include that road about one year after the order was entered, but the order never was amended or reissued.

The pertinent provisions of KRS 177.081 are as follows:

> "(1) The commonwealth of Kentucky, department of highways, when it has, *by official order*, designated the route, location or relocation of a highway, limited access highway, bridge, roadside park, borrow pit, quarry, garage or other prop-

erty or structure deemed necessary for the construction, reconstruction, or maintenance of an adequate system of highways, may, if unable to contract or agree with the owner or owners thereof, condemn the lands or material, or the use and occupancy of the lands *designated as necessary.* \* \* \* The official order of the department of highways shall be conclusive of the public use of the condemned property and the *condemnor's decision as to the necessity* for taking the property will not be disturbed in the absence of fraud, bad faith, or *abuse of discretion.*" (our emphasis)

We think it is plain from the statute that the decision as to necessity, required to be made by "official order" and involving "discretion," can be made only by the Commissioner of Highways or by such officer of the department as lawfully is authorized under KRS 12.040 to 12.060 and 176.020 to make such an order. We further think it is plain from the statute that the lands sought to be condemned must be "designated as necessary."

The department, seizing on a statement in Sturgill v. Commonwealth of Kentucky, Department of Highways, Ky., 384 S.W.2d 89, that KRS 177.250 authorizes condemnation for access roads "as incident to" a comprehensive highway construction plan, argues that access roads have such incidental character that it is not necessary to designate in an official order the land to be condemned for such a road. That is a complete distortion of the meaning of *Sturgill,* which was simply that the *right* to condemn for access roads is incident to the

right to condemn for a main highway. There was no suggestion of the thought that access roads are so unimportant and trivial that land may be condemned for them without an official determination of necessity.

We note that the statute maintains such collateral uses as a borrow pit, a quarry or a roadside park as ones for which there must be an official designation of necessity for condemnation. This negatives any idea that the legislature intended land to be condemned for collateral uses without an official order.

■ The department maintains that it would be unreasonable to require the official order to be changed whenever there is a change in construction plans, and it points to language in Commonwealth of Kentucky, Department of Highways v. King, Ky., 375 S.W.2d 688, with reference to the power of the department to change construction plans. We recognize the necessity to be able to make adjustments in plans, as they relate to the details of construction, but we cannot accept the proposition that land not officially designated for condemnation can be condemned simply on the basis of decisions at the engineering level. Nor are we convinced that it is administratively unreasonable to require that the official order be changed when a change in the plans calls for condemnation of land other than that designated in the original order.

The judgment is affirmed.

All concur.