Ron FORD, Movant,

v.

CITY OF BOWLING GREEN, Kentucky; Estate of Clara Borders; American National Bank; and County of Warren, Respondents.

CITY OF BOWLING GREEN, Kentucky, Cross–Movant,

v.

Ron FORD, Cross–Respondent.

Nos. 88–SC–000512–DG, 88–SC–000907–DG.

Supreme Court of Kentucky.

Nov. 30, 1989.

Charles E. English, English, Lucas, Priest & Owsley, Bowling Green, for Ron Ford.

David A. Lanphear, B. Alan Simpson, Safford, Lanphear & Simpson, Bowling Green, for City of Bowling Green.

Ray B. Buckberry, Jr., Bell, Orr, Ayers & Moore, Bowling Green, for Estate of Clara Borders.

Larry F. Hinton, Reynolds, Catron, Johnston & Hinton, Bowling Green, for American Nat. Bank.

Michael E. Caudill, Caudill & Hodges, Bowling Green, for County of Warren.

VANCE, Justice.

The question raised by this appeal relates to the "date of taking" of property for purposes of valuation in a condemnation proceeding instituted pursuant to K.R.S. 416.540–416.670.

In this case the City of Bowling Green instituted proceedings to condemn movant's property on June 27, 1985. The commissioners appointed by the court to appraise the property filed their report on July 3, 1985. Movant's tenants vacated the property on July 26, 1985, and an interlocutory judgment was entered on August 27, 1985, adjudging that, "the petitioner had a right to condemn the property; (2) that the report of the commissioners conformed to the provisions of K.R.S. 416.580; (3) that the petitioner might take sole and exclusive possession of the property in view of the payment into the court of its appraised value; and (4) that in the event no exceptions were taken as to the amount awarded by the commissioners, direction was given concerning transfer of title to the property."

Both the landowner and the city filed exceptions to the award.

Between the time the report of appraisers was filed and the date of the entry of the interlocutory judgment authorizing the city to take possession of the property, the property was vandalized or salvaged and was stripped of paneling, carpets, interior windows and doors, electrical and plumbing fixtures, and heating and air conditioning units. The value of the building upon the property was considerably less when the interlocutory judgment was entered than it was when appraised by the court-appointed appraisers.

The real question in this case is whether the landowner or the condemnor must bear the loss caused by this damage to the building. The answer to this question depends upon whether the city took the property before or after the damage occurred, hence the importance of fixing a "taking date."

K.R.S. 416.660(2) provides that the "taking date" for purposes of valuation shall be either the date condemnor takes the land, or the date of the trial of the issue of just compensation, whichever occurs first. Since the damage to the building had occurred prior to the trial of the issue of value, the loss caused by damage to the building must be borne by the landowner unless he can establish that the city had actually taken his property before the damage occurred.

Prior to the enactment of K.R.S. 416.-660(2) this court held in *Tharp v. Urban Renewal and Community Development Agency*, Ky., 389 S.W.2d 453 (1965), that the taking date was the date of entry of the interlocutory judgment, but that the jury should be instructed that neither enhancement nor depreciation in value, attributable to the public project, is to be considered in fixing "before" valuation.

K.R.S. 416.660(2), generally followed the *Tharp* opinion by providing that "any change in the fair market value prior to the date of condemnation which the condemnor or condemnee establishes was substantially due to the general knowledge of the imminence of condemnation or the construction of the project shall be disregarded in determining fair market value."

Sometimes the type of project to be constructed upon condemned property, when it becomes known, will affect the fair market value of property in the vicinity. Thus, property located in the vicinity of a highway interchange may increase in value when the location of the highway interchange becomes generally known. Likewise, property may decrease in value when

it becomes generally known that property in the vicinity is being condemned for purposes of constructing a garbage incinerator.

It is changes of value of this nature which are brought about by the nature of the project to be constructed, once it becomes known, that must be disregarded in establishing the "before taking" value. Here the diminution in value was not caused by the nature of the project to be constructed but rather because of damage sustained to a building upon the condemned property.

The city had no legal right to take the movant's property before the entry of the interlocutory judgment. Any attempt to do so would have constituted a trespass. There was no evidence of such an attempted taking as would justify a submission to the jury that the date of taking was earlier than the entry of interlocutory judgment, and the trial court's instruction which authorized such a finding was erroneous. The Court of Appeals held that the jury should have been instructed that the date of taking was August 27, 1985, and we affirm that holding.

The movant contended that in as much as the city was interested in the land only and not the building, the damaged condition of the building at the time of taking was immaterial. Movant contends that, at the very most, the city should only be able to deduct from the "before value" the market value of the salvaged materials because the city intended to tear down the building, and its only benefit from the building would have been the market value of salvageable materials.

Nevertheless, our condemnation law provides for condemnation of real property upon payment of the difference in the fair market value of the condemnee's property immediately before and immediately after the taking. Fair market value of the property condemned is the test.

Often the property condemned has improvements upon it for which the condemnor must pay even though the improvements are of no benefit to the condemnor. Although it is true in this case that the building upon the property was to be torn down, we are not convinced that the city should be required to pay more for the property because it had a building upon it than the amount by which the building added to the fair market value of the property at the time of the taking.

The decision we have reached here makes it unnecessary to express an opinion upon the issue raised by the cross-movant.

The decision of the Court of Appeals is affirmed.

STEPHENS, C.J., and COMBS, GANT, LAMBERT, WINTERSHEIMER, and VANCE, JJ., concur.

LEIBSON, J., concurs by separate opinion.

LEIBSON, Justice, concurring.

I concur in result only.

If there was evidence to prove that the City took exclusive possession of the building when the tenant moved out and delivered the keys to the City's representatives, and the owner no longer had access to the property, I would reach a contrary result. I believe there can be an issue of fact as to the date of taking, but the owner's evidence is not sufficient to make this an issue in this case.