**COMMONWEALTH of Kentucky, DEPARTMENT OF HIGHWAYS, Appellant,**

**v.**

**James Beckham SEA et al., Appellees.**

Court of Appeals of Kentucky.

May 6, 1966.

Robert Matthews, Atty. Gen., William A. Lamkin, Jr., Asst. Atty. Gen., Frankfort, Deddo G. Lynn, Lexington, Richard Weisenberger, Paducah, for appellant.

W. Earl Dean, Harrodsburg, Walter Patrick, Lawrenceburg, for appellees.

HILL, Judge.

The Department of Highways appeals from a $6,475 judgment entered pursuant to a jury verdict for the condemnation of 8.18 acres out of appellees' 58-acre farm. The land condemned has been used in the construction of the Central Kentucky Parkway leading from U. S. 60 east of Versailles to Elizabethtown.

It is contended by appellant that the verdict is excessive and incompetent evidence was admitted over its objection.

The completion of the new highway separates appellees' farm so that 3.4 acres, with all the farm buildings thereon, will be situated on the north side of the highway and 46.42 acres to the south of the highway. Appellees will have access from the smaller to the larger tract by traveling an overpass by way of the John Sea Road. The farm has been used for general farming purposes, including the production of some tobacco and the operation of a dairy. There being no direct evidence relative to the greatest and most productive use of appellees' land, it will be inferred that it is farming.

The two witnesses who testified for appellants on the question of values fixed the differences in the before and after market value of appellees' farm at $3,650 and $4,005.

Appellees' two witnesses on values testified the differences between before and after values were $8,700 and $8,500. It is apparent the verdict was well within the range of the evidence. The evidence of appellees relied on sales considered by their witnesses to be comparable to the subject property. Those sales ranged from $375 per acre down to $216 per acre. Appellant's witnesses relied on sales considered comparable that averaged $217.64 per acre. If we assume, for the sake of discussion, that $300 per acre was a fair market value of appellees' land at the time of taking, about $2,500 of the verdict may be earmarked for land taken. This leaves about $3,975 of the verdict ostensibly allowed by the jury for

impairment of the value of the farm as a unit. Our troublesome problem then is to determine whether the amount is excessive or justified under the evidence.

We think it fair to state before leaving the discussion of the value of the tract that the best part of appellees' farm was taken and that the real value of the part taken may well exceed $4,000 leaving less than $2,500 for impairment of the value of the farm as a unit. The witnesses in this case, no doubt, out of respect for Commonwealth, Department of Highways v. Sherrod, Ky., 367 S.W.2d 844 (1963), did not undertake to itemize the damage factors.

Where a farm is divided by the taking of a part of it for highway purposes, the separation alone may or may not reduce its market value, depending on the highest and best use of the land. It may be near a town and suitable for building purposes, in which event the division of the farm may not *ipso facto* impair the market value of the remaining tracts. In fact, under those circumstances the severance may increase the value of either or both of the remaining tracts. On the other hand, the separation of a farm, having farming as its highest and best use, may materially and substantially impair its market value as a unit.

Notwithstanding what we have just written, it should be kept in mind that the guiding light is always the "fair market value," considering the "highest and best use" to which the property can be adapted. It is concluded either party may develop the question of what is the "highest and best use" of the property involved; and, of course, the other party may take a different view and introduce evidence to the contrary. But where a farm is involved and no evidence is introduced by either party, it may be assumed the "highest and best use" of the farm is that of *farming* and that its highest value is as a single unit.

In the present case, all the improvements being on the small tract north of the new highway, including the dairy barn, we

can readily understand the inconvenience of operating the farm as a unit after severance. The small tract complements the large one by providing the improvements, while the large tract adds to the usefulness and value of the small one by contributing pasturage and productivity. An identical factual situation is discussed in Commonwealth, Department of Highways v. Arnett, Ky., 401 S.W.2d 762 (decided October 15, 1965), wherein this court said:

"While the landowners' witnesses did not specifically compare unit value with separate-parcel value, a proper inference from their testimony is that the land remaining after the taking would have its best use and value as a single farm. Their testimony was certainly not incompetent because based upon this unit value. It may be observed that the Commonwealth in this case, as in others we have considered recently, failed to cross-examine the landowners' witnesses concerning possible separate-parcel valuations, and it did not show by its own witnesses that such valuations would aggregate more than the unit valuation which took cognizance of cross-over difficulties. In the absence of some contrary evidence on this question, it may be assumed that a witness, basing his opinion upon the single-unit theory, is in effect testifying that such criterion is the best guide to the highest after value of the segregated lands."

It is concluded the verdict and judgment are not excessive.

To the extent that this opinion is in conflict with our opinion in Commonwealth, Department of Highways v. Burns, Ky., 394 S.W.2d 923, we herewith modify the Burns opinion.

Appellant next contends the evidence of appellees' witness John E. Birdwhistell should have been stricken because he took into account "loss of income" in violation of the rule in City of Newport

Municipal Housing Commission v. Turner Advertising, Ky., 334 S.W.2d 767. The witness was re-examined on this question and attempted to "take back" all he had said about "loss of income." There was no objection or motion to strike this testimony after his correction. Appellant will not be heard to object under these circumstances.

The judgment is affirmed.