**COMMONWEALTH of Kentucky, DEPART-MENT OF HIGHWAYS, Appellant,**

**v.**

**Sue H. SHIELDS, Widow et al., Appellees.**

Court of Appeals of Kentucky.

Feb. 10, 1967.

Robert Matthews, Atty. Gen., H. C. Smith, Robert J. Beale, Frankfort, Tildon H. McMasters, Elizabethtown, for appellant.

W. R. Gentry, Jr., Bardstown, for appellees.

CLAY, Commissioner.

Appellant Highway Department condemned approximately 15 acres of appellees' 262-acre farm in Nelson County. This resulted in landlocking an additional 15 acres of tillable land. The jury awarded appellees $11,000.

Appellant's first contention is that the court should have stricken the testimony of two of appellees' witnesses (one of whom was the landowner) on the ground that these witnesses, in fixing an after value, duplicated the damages by allowing full value for the land taken and then depreciating the value of the remaining land by reason of its lesser acreage.

The highest and best use of this land was for farming and dairy purposes. The witnesses emphasized the fact that the land taken was that closest to the barns and other improvements, and that their physical location on the remaining land impaired its farming and dairying capabilities. The Commonwealth contends these witnesses were fixing damages on the basis of the injury to appellees' particular farming operations, but we think the testimony was designed to establish that the smaller farm, with the fixed physical location of the improvements, no longer had the per-acre value of the original farm. This is a proper consideration and in our opinion it was not an attempt to duplicate damages such as appeared in Commonwealth, Dept. of Highways v. Blanton, Ky., 352 S.W.2d 545, and Commonwealth, Department of Highways v. Raybourne, Ky., 364 S.W.2d 814.

It is next contended the trial court erred in not permitting the Commonwealth to further examine one of the landowners, who appeared as a witness, with respect to the basis of his acreage valuation. The trial judge was of the opinion that the question had been answered, and it does appear that this witness had been over the factors he had taken into consideration. In view of the fact that this was a landowner testifying, and his valuations were in excess of those shown by comparable sales, we are inclined to believe the court erred in closing the cross-examination on this point so abruptly. However, we are of the opinion that this line of cross-examination would not have improved the Commonwealth's position or affected the weight given this testimony by the jury. On the whole record, this error was not prejudicial.

It is finally contended that the verdict is clearly excessive. It does not so strike us.

The judgment is affirmed.

All concur.