**COMMONWEALTH of Kentucky, DEPART-
MENT OF HIGHWAYS, Appellant,**

v.

**J. Wickliffe MUIR et al., Appellees.**

Court of Appeals of Kentucky.

March 3, 1967.

Robert Matthews, Atty. Gen., H. C. Smith, Dept. of Highways, Louis J. Amato, Catlett & Amato, Frankfort, Tildon H. McMasters, Elizabethtown, for appellant.

John S. Kelley, E. E. Hubbard, Bardstown, for appellees.

WADDILL, Commissioner.

This action was instituted by the Commonwealth of Kentucky, Department of Highways, to condemn 18¾ acres of appellees' property for the purpose of constructing part of the Bluegrass Parkway, a limited access highway, and also to acquire a temporary easement upon 1.59 acres. No house or other improvement was sought to be condemned.

Upon a trial the jury found that the value of appellees' property before the taking was $68,333 and its value thereafter was $50,000 and the value of the use of the easement was $400. A judgment of $18,733 was entered in favor of appellees. From this judgment the Commonwealth has appealed, contending that the verdict is excessive and is not supported by evidence having probative value.

Prior to the filing of this action, the appellees had a 240-acre farm located about

six miles northeast of Bardstown on the south side of U. S. Highway #62. The improvements consisted of a large residence with modern conveniences, a modest tenant house, a concrete-based barn, several small outbuildings and ponds. The acreage taken by this proceeding extended through the property for 2,900 feet, varying in width from 250 to 330 feet. The taking bisected the farm, leaving approximately 175 acres on the north side of the new highway and 46 acres on the south side of it with no improvements and with access to the public highway system solely by way of a county road.

The valuation testimony is as follows:

For Appellant:

| | Before Value | After Value | Difference |
|---|---|---|---|
| A. B. Wiggington | $65,000 | $56,250 | $8,750 |
| David Rash | 66,000 | 57,400 | 8,600 |

For Appellees:

| | | | |
|---|---|---|---|
| Lee Russell | 73,000 | 48,000 | 25,000 |
| Everett Mudd | 74,000 | 50,000 | 24,000 |
| Joe English | 76,000 | 50,000 | 26,000 |

Lee Russell, who rented the greater portion of appellees' farm for the last 8 years and who owns and operates a 480-acre farm nearby, knew of the land values in the vicinity from his general information as well as from his specific knowledge acquired from comparable sales. Everett Mudd, an experienced and licensed real estate broker, had a thorough knowledge of the real estate market based both upon his numerous appraisals made for lending institutions and upon comparable sales. Joe English, also a licensed real estate broker and dealer, was familiar with the real estate market in Nelson County. Each of these men had adequate qualifications as an expert witness and the valuations placed upon appellees' property by them had probative value.

While we realize that only 8% of the acreage of this farm was taken by condemnation and the award represents approximately 25% reduction in its market value, there is convincing testimony that the destruction of the unity of the farm as well as its resulting configuration has severely impaired its market value. The award is exceedingly liberal but is not one which we can reasonably say shocks our conscience and is so excessive as to require a reversal of the judgment.

The judgment is affirmed.

All concur.