COMMONWEALTH of Kentucky, DEPART-
MENT OF HIGHWAYS, Appellant,

v.

Robert J. WILDER, Jr., et al., Appellees.

Court of Appeals of Kentucky.

March 3, 1967.

Robert Matthews, Atty. Gen., H. C. Smith, Dept. of Highways, Frankfort, Eugene H. Clark, Manchester, for appellant.

R. Lee Brown, W. M. Cox, Jr., Williamsburg, for appellees.

CLAY, Commissioner.

In this condemnation case the Commonwealth condemned appellees' house and lot located on Fifteenth Street in the City of Williamsburg. The lot had a 100-foot frontage and a depth of 75 feet. On it was a frame five-room house, apparently in excellent condition. It was located in one of the better neighborhoods in Williamsburg.

The Commonwealth's witnesses fixed its market value at $5,000. Appellees' five expert witnesses fixed the value at $9,000 to $11,000. The jury awarded $9,000.

The Commonwealth contends the verdict is excessive because not supported by evidence of probative value. Appellees' witnesses did not refer to any comparable sales, but all qualified as expert witnesses on property values in Williamsburg. The Commonwealth attacks the opinions of appellees' witnesses on the ground that they did not sufficiently support their estimates by detailing various considerations affecting market value. Also it is argued they used some factors which were not relevant, such as an offer to purchase the property, and the replacement cost of the house without taking into account depreciation. However, the court sustained objections to most of the testimony incorporating incompetent considerations, and admonished the jury.

While the Commonwealth contends it is evident that these witnesses were actually using improper factors, we think their evaluations had substantial probative value. The objections of the Commonwealth really go to the credibility of the witnesses' opinions and not to the competency of their testimony. Considering the evidence as a whole, while the testimony was not of the highest caliber, it did support the verdict.

The Commonwealth contends that the testimony of one witness should have been stricken because he based his estimate of value upon the replacement cost of the

dwelling without depreciation and referred to the offer of purchase to which an objection had theretofore been sustained. While the probative value of this witness' opinion was seriously impaired by reason of the improper factors taken into consideration, if it was error not to strike all of his testimony, such error was not so prejudicial as to require reversal.

The judgment is affirmed.

All concur.