**COMMONWEALTH of Kentucky, DEPART-MENT OF HIGHWAYS, Appellant,**

v.

**W. H. HARRIS et al., Appellees.**

Court of Appeals of Kentucky.

March 24, 1967.

---

Robert F. Matthews, Atty. Gen., H. C. Smith, Asst. Atty. Gen., Frankfort, Charles W. Huddleston, Bowling Green, for appellant.

Charles H. Reynolds, Bell, Orr & Reynolds, Bowling Green, for appellees.

WILLIAMS, Chief Justice.

In this highway condemnation action the appellant, Commonwealth of Kentucky, Department of Highways, condemned approximately 13½ acres of appellees' farm for the purpose of constructing a portion of Interstate 65. A jury in the Warren Circuit Court determined the difference in value of the appellees' property before and after the taking to be $8,000. From a judgment awarding that sum the Commonwealth has appealed.

Appellees' farm is located about 11 miles south of Bowling Green and was comprised of approximately 164 acres prior to the taking. The farm is a good economic unit, satisfactory for diversified farming. The land is partly level and partly rolling, and is adaptable for both tilling and pasture. Located thereon are a residence, three barns, a garage, service buildings and ponds, none of which is affected by the taking. The land taken lies along one edge of the farm near the residence.

The Commonwealth alleges that (1) the verdict was excessive and (2) the trial court erred in refusing to strike the testimony of appellees' appraisal witness.

Having considered all the testimony offered by both sides it is apparent the verdict is liberal. However, it does not strike us at first blush as being so excessive as to require a reversal. Nor can we say the verdict is unsupported by probative evidence.

Appellees had only one appraisal witness who was an experienced licensed realtor and admittedly was well qualified. Although the witness did not use comparable sales in making his estimate concerning the value of the property, he took into consideration various other items which he believed affected its value. For example, he considered the reduction in overall size of the farm unit, the fact that some of the better land was taken, the alteration of the drainage system, and the construction of a frontage road along one side of appellees' residence which resulted in a road both in front and at the side of the residence.

Although comparable sales are a recognized valuable tool in making appraisals, there are many other factors which properly should be considered, and the failure to use comparable sales is not always fatal to the appraisal. We said in Commonwealth, Department of Highways v. Vaughn, Ky., 390 S.W.2d 146:

"* * * Fortunately, this Court has recognized that the valuation placed upon property by competent witnesses is sufficient in itself without reference to genuinely comparable sales which so often are not available."

The testimony of appellees' appraisal witness would have been much more convincing had he based it in part upon the comparable sales factor. But, even though he did not, we do not say that his testimony lacked probative value. Consequently, the trial court did not err in overruling appellant's motion to strike his testimony for that reason.

A schedule of the witnesses' valuations follows:

### Appellant's Witnesses

| Before value | After value | Difference |
| --- | --- | --- |
| (1) $50,000 | $47,000 | $3,000 |
| (2) $45,000 | $41,500 | $3,500 |

### Appellees' Witness

| | | |
| --- | --- | --- |
| $57,000 | $41,800 | $15,200 |

The witnesses for appellant used comparable sales as well as other factors in determining the before and after values of the property. That they reached divergent opinions serves to point up the fact that an appraisal of property is nothing more than an estimate of its worth determined in the best judgment of the appraiser. Had comparable sales been the only reliable factor upon which to base an estimate in this case, there would have been no justification for a value as high as was fixed by the jury. However, as heretofore noted, other factors properly should be and were included in making an appraisal.

 The difference in the before and after values of the property as testified to by the appraiser for the appellees was obviously exaggerated and just as obviously discounted by the jury. The jury plainly and simply did not believe appellees' witness to the full extent of his testimony. But they did put credence in it up to a point. The jury just as obviously did not put full credence in the testimony of appellant's witnesses. It found the before value of the farm to be $52,000, which was more than either had valued it, and found the after value to be $44,000, which was less than one had valued it. In Commonwealth, Dept. of Highways v. Tyree, Ky., 365 S.W. 2d 472, we said:

"* * * the jury is deemed capable of exercising reason and logic, and of having common knowledge, and therefore is capable of according such evidence its proper weight and value * * *"

The jury apparently sifted through the evidence introduced by both sides and reached a verdict based on the believable and logical conclusions gleaned therefrom. Although the verdict was quite liberal, it was based on sufficient evidence of probative value.

The judgment is affirmed.

All concur.