**COMMONWEALTH of Kentucky, DEPARTMENT OF HIGHWAYS, Appellant,**

**v.**

**Lester R. HUNT et al., Appellees.**

Court of Appeals of Kentucky.

May 5, 1967.

Robert Matthews, Atty. Gen., H. C. Smith, Dept. of Highways, Frankfort, Charles W. Huddleston, Dept. of Highways, Bowling Green, for appellant.

James H. Lucas, Harlin, Parker, Ricketts, Lucas & English, Bowling Green, for appellees.

CULLEN, Commissioner.

In this highway condemnation case the Department of Highways is appealing from a judgment awarding the appellee property owners $22,500. The appellees' farm, near

Bowling Green, originally consisted of 165 acres. The highway right of way cut across the farm, taking 20.52 acres. This left 41.48 unimproved acres on one side of the right of way, and 103 acres, with all of the improvements, on the other side.

The department contends that the verdict is excessive. This is on the theory that no substantial diminution in value of the farm reasonably could be attributed to the severance; the only diminution was the value of the land actually taken; and that value was only about $11,000; or half the amount of the verdict.

We think the argument is not tenable. It was reasonable to attribute a substantial diminution in value to the physical severance of the farm, and the landowners' witnesses did give importance to that factor. The fact that the severed 41.48 unimproved acres were no longer conveniently accessible, and that the improvements, originally designed and located for operation of a 165-acre compact unit, no longer were advantageously situated, were mentioned as reasons for diminution in market value. Also, new drainage and water problems were cited as value-diminishing factors.

■ The estimates by the state's witnesses of before and after values showed a diminution in value of approximately 18 percent. The amounts fixed by the verdict as before and after values were substantially higher than those estimated by the state's witnesses (but within the range of values estimated by the landowners' witnesses); however, the percentage of diminution in value was substantially the same—18 percent. This would indicate that if the *before* value found by the jury is supported by the evidence, the amount of damages found by the jury is not excessive, because it represents the same extent of diminution as testified to by the state's witnesses.

■ The only attack upon the landowners' evidence of before value is that the witnesses did not support their esti-

mates by evidence of comparable sales. However, our rule is that evidence of comparable sales is not necessary to support an estimate of value unless the estimate without such support appears on its face to be palpably extravagant. See Commonwealth, Department of Highways v. Tyree, Ky., 365 S.W.2d 472; Commonwealth, Department of Highways v. Arnett, Ky., 390 S.W.2d 187. The land here in question was very high quality farm land and in our opinion the estimates by the landowners' witnesses, even without support of comparable sales, had sufficient probative value to sustain the jury's finding of a before value of $733 per acre.

Upon close analysis, it appears that the department's argument in this case, as to why the verdict is excessive, is predicated on the old concept of separation of "taking" damages from "resulting" damages which was abolished in Commonwealth, Department of Highways, v. Sherrod, Ky., 367 S.W.2d 844.

It is our conclusion that the award of damages is not excessive and is supported by sufficient evidence.

■ The department contends that error was committed in the refusal of the trial court to strike the testimony of one of the appraisal witnesses for the landowners. The principal ground advanced for striking his testimony was that he "price-tagged" damage factors. We think it is unnecessary for us to pass on the question of whether he did violate the rule against price tagging, or the rule against separate fixing of "taking" damages and "resulting" damages, because his testimony was merely cumulative and clearly carried no particular weight with the jury. His estimate of before value was lower than that found by the jury and lower than that of the other of the landowners' witnesses. His estimate of diminution in value was the highest of the three witnesses for the landowners, but the jury fixed the diminution some $4,000 below the lowest estimate of these

witnesses. Obviously, if error was committed in not striking his testimony, it was not prejudicial.

The judgment is affirmed.

All concur.