**COMMONWEALTH of Kentucky, DEPARTMENT OF HIGHWAYS, Appellant,**

**v.**

**Thomas REED, widower, Appellee.**

Court of Appeals of Kentucky.

May 5, 1967.

---

Robert F. Matthews, Atty. Gen., H. C. Smith, Sp. Asst. Atty. Gen., Dept. of Highways, Frankfort, L. A. Faurest, Faurest & Collier, Tildon H. McMasters, Elizabethtown, Paul Hunley, Law Division, Dept. of Highways, Frankfort, for appellant.

E. E. Hubbard, John S. Kelley, Fulton, Hubbard & Kelley, Bardstown, for appellee.

STEINFELD, Judge.

To acquire a right of way for the Blue Grass Parkway and for the realigning of a Nelson County Road two condemnation actions were brought in the Nelson County Court. Thomas Reed, the appellee, was the owner of the farm which included both tracts of land. The commissioners appointed in the county court valued the 18½ acres being taken, at a total of $5,820.00 and the damage to the remaining land at $5,000.00. Accordingly, a judgment was entered in favor of Reed from which both parties appealed to the Nelson Circuit Court. The two cases were consolidated

and tried together. The jury found the value of the farm before the taking to be $38,000.00 and the value thereafter to be $25,050.00 whereupon the court entered judgment for $12,950.00 from which the Commonwealth appeals.

The evidence showed that the Reed farm is about five or six miles from Bardstown and from Bloomfield. It is located about one-half mile southeast of U. S. Highway 62. Before the taking the farm contained 140 acres and various improvements. It had a tobacco base of about three acres. The land was generally level with some rolling ground and the farm was almost completely in grass. It was used primarily for raising cattle.

The right of way taken divided the farm so that approximately 47 acres and the tobacco barn were located on one side of the limited access parkway, while on the other side, there were approximately 75 acres and all of the other improvements. The Commonwealth built an access road so that after the taking it was possible by traveling approximately two miles to go from one tract to the other.

Although the Commonwealth stated in its brief that the question presented is "Does the evidence in the case support the verdict of the jury", it also argues that the award is excessive.

On its claim that the verdict is not supported by the evidence it contends that the witnesses for the landowner did not testify as to the basis on which they fixed their valuation. It is admitted by the Commonwealth that the award was within the price range stated by the witnesses who testified for Mr. Reed. The Commonwealth cites four cases in support of its position; however, it is our opinion that this action is controlled by the rule announced in Commonwealth, Department of Highways v. Brubaker, Ky., 375 S.W.2d 404, 405 wherein we said:

"The real burden of the Commonwealth's challenge against the landowners' valuation evidence is that it did not rest on comparable sales. This is an oft-recurring argument which we have answered in several recent decisions handed down since the earlier cases, such as this one, were briefed. Under the principles set forth in Commonwealth, Department of Highways v. Tyree, Ky., 365 S.W.2d 472 (1963), there can be no real question as to the competency and sufficiency of the testimony questioned in this case."

In addition to the owner, three witnesses testified for him as to the value of the land. One stated that he was familiar with the value of the land in the vicinity and generally in that county and that he had attended many sales and knew the sale price property brought. Another was a real estate broker, active in the vicinity who appraised for many lending institutions. He stated that he had personally dealt in property of the type being taken and that he had bought and sold for himself and for others for many years. Another, who too was a real estate broker, stated that he regularly appraised land and that his appraisals were accepted by the leading lending institutions. He explained a sale of land in the vicinity which he considered comparable and stated that he had used that sale price, as well as other sales, in fixing the value of the land being taken. In Commonwealth, Department of Highways v. Vaughn, Ky., 390 S.W.2d 146, we said: "In determining whether the judgment is excessive and whether it is based upon adequate evidence, the qualifications of the landowners' witnesses as well as what they say must be considered." Obviously, the witnesses were qualified.

The verdict of the jury, which was substantially below the differences in valuation fixed by the two real estate brokers, is supported by a sufficiency of credible testimony of probative value. Commonwealth, Department of Highways v. Tyree, Ky., 365 S.W.2d 472; Commonwealth, Department of Highways v. Harvey, et al. Ky., 396 S.W.2d 311. It was

within the range of values established by the testimony and must be sustained unless it is found to be excessive. Commonwealth, Department of Highways v. Cooper, Ky., 397 S.W.2d 47.

 The Commonwealth argues that the award was based upon sentimental reasons because the owner was 86 years of age and his eyesight was going bad. We find nothing in the record to indicate that the verdict is so clearly excessive that we may disturb it. Commonwealth, Department of Highways v. Shields, Ky., 411 S.W.2d 476.

The judgment is affirmed.

All concur.