**COMMONWEALTH of Kentucky, DEPARTMENT OF HIGHWAYS, Appellant,**

v.

**Creel BROWN, Jr., et al., Appellees.**

Court of Appeals of Kentucky.

May 26, 1967.

Robert Matthews, Atty. Gen., H. C. Smith, Sp. Asst. Atty. Gen., Department of Highways, Louis J. Amato, Catlett & Amato, Frankfort, for appellant.

E. E. Hubbard, John S. Kelley, Fulton, Hubbard & Kelley, Bardstown, for appellees.

WADDILL, Commissioner.

The Commonwealth of Kentucky, Department of Highways, condemned thirty acres of appellee's farm for the purpose of constructing the Bluegrass Parkway, a limited access highway, as it passes through Nelson County. At the conclusion of the evidence the jury returned a verdict as follows:

| BEFORE VALUE | AFTER VALUE | DIFFERENCE |
|---|---|---|
| $178,500 | $140,000 | $38,500 |

From a judgment accordingly entered the Commonwealth appeals contending that the verdict is excessive because it is not sufficiently supported by evidence of probative value.

Prior to the institution of this condemnation proceeding appellees owned a 700-acre farm located approximately three miles east of Bardstown on a blacktop highway. The improvements on this property consisted of twenty three buildings of various types including a residence, horse barns, and other facilities commonly used in the operation of a livestock farm. None of the improvements was taken by the condemnation except a large pond.

The thirty acres condemned completely severed the property leaving 392 acres north of the parkway and 278 acres located south of it. The tract condemned is a mile long corridor 250 feet in width. All improvements except a tenant house and a tobacco barn are located on the northern tract. Appellant's construction plans provide no access between the two separated parcels of land and to go from one tract to the other it is now necessary to travel seven and one-half miles.

The following summary reflects the witnesses' estimates of value:

### FOR APPELLANT

| WITNESSES | BEFORE VALUE | AFTER VALUE | DIFFERENCE |
|---|---|---|---|
| E. Baesler | $122,500 | $ 98,000 | $24,500 |
| D. Rash | $126,000 | $100,500 | $25,500 |

### FOR APPELLEES

| | BEFORE VALUE | AFTER VALUE | DIFFERENCE |
|---|---|---|---|
| Creel Brown | $200,000 | $140,000 | $60,000 |
| J. P. Downs | $165,000 | $110,000 | $55,000 |
| Everett Mudd | $192,500 | $135,000 | $57,500 |

■ Appellee, Creel Brown, has owned and operated this farm since 1933. He testified, in effect, that the unity of his farm, with respect to its present use, is virtually destroyed and that the northern tract now has more farm buildings on it than are necessary to the practical operation of such a small tract. He stated that he was familiar with sales of farm land comparable to his property and he gave cogent reasons why the market value of his farm had been reduced by the construction of the parkway. We believe, as did the trial court, that he was sufficiently qualified to make estimates of value although he expressed his opinion in layman's language rather than that of a professional witness. We have no doubt that his testimony was competent and had probative value.

■ J. P. Downs and Everett Mudd, two licensed real estate brokers who have sold approximately 90% of the farm property in Nelson County during the past sixteen years and whose qualifications are not challenged, stated that they are familiar with comparable sales and that, after considering all pertinent factors, the difference in the before and after value of this farm was $55,000 and $57,500, respectively. These estimates are reasonably consistent with the landowner's estimate of $60,000 and such evidence obviously supports the verdict. Therefore we find no sound basis for the claim that the verdict is excessive.

The judgment is afirmed.

All concur.