COMMONWEALTH of Kentucky, DEPART-
MENT OF HIGHWAYS, Appellant,

v.

Creed Hasten ROWLAND et al., Appellees.

Court of Appeals of Kentucky.

Oct. 27, 1967.

Concurring Opinion Nov. 17, 1967.

Robert F. Matthews, Atty. Gen., H. C.
Smith, Frankfort, Eugene H. Clark, Man-
chester, Ben Smith, Somerset, for appellant.

C. B. Upton, Williamsburg, for appellees.

PALMORE, Judge.

This is a condemnation proceeding in
which the state highway department in 1963
acquired for Interstate Highway 75 a 4.36-
acre strip of land from a 36-acre tract
owned by the appellees Rowland and wife
and located near Williamsburg in Whitley
County. The department appeals from an
award of $15,000 ($30,000 before less
$15,000 after the taking).

Prior to the condemnation the Rowland
property fronted 175 feet on the west side
of U.S. Highway 25 and extended back
some distance in a westerly direction, the
rear portion being considerably wider, than

the front. It contained about 20 acres of tillable ground, the remainder being on a mountain slope at the back. The portion taken for I-75 is a strip 380 feet wide running parallel with and approximately 120 feet west of U.S. 25. Hence the Rowlands now have two separated parcels, one being a lot 120 feet deep fronting 175 feet on U.S. 25 and the other a 31-acre tract on the far side of I-75, which as it passes through the Rowland property is constructed on a 25-foot fill. In order to get from the front lot to the acreage on the other side it is necessary to travel through an interchange one-half mile away and then come back the same distance along a dead-end frontage or service road on the west side of the I-75 embankment.[1] A 2-story frame dwelling house, a 40' x 60' concrete block warehouse, and a smokehouse are located on the front lot. A frame garage, small tenant house, corn crib, large barn, a foundation to a burned-down warehouse, and an "all-season" spring lay within the area taken. The acreage to the rear has no buildings. The embankment is located 20 feet from the east right-of-way line of I-75 and 60 feet from the back of the dwelling house.

Mr. Rowland is employed by a bakery company as a distributor of bread and pastries and lives in Williamsburg. He uses the above mentioned warehouse building to house his delivery trucks and carry on his office work.

Grounds on which reversal is sought are: (1) Improper questioning of witnesses and improper argument by counsel for the landowners; (2) Error in permitting one of the valuation witnesses for the landowners to testify concerning loss of access and circuity of travel; and (3) Excessiveness of the award.

◼ On the first point, our discussion of the same question in Commonwealth, Dept. of Highways v. Hess, Ky., 420 S.W.2d 660 (decided October 20, 1967), is apposite here.

In most instances objections were sustained and the jury duly admonished. There was no motion to discharge the jury, hence no error. In the few instances in which objections were overruled or not acted upon, the objectionable matter was not of sufficient consequence to warrant a reversal.

◼ In cross-examining the department's engineer, who had described the property and the portion taken, counsel for the owners was permitted over objection to bring out the fact that it is now necessary to travel a mile or so in order to reach one of the remainder parcels from the other. This cannot have been prejudicial since the jurors, when taken to view the premises, could not have failed to observe it themselves.

◼ The witness Bennett, in testifying as a valuation witness for the owners, also mentioned this circumstance and acknowledged that he had taken it into consideration in arriving at his estimate of the after-value. Counsel for the department thereupon moved to strike the evidence, and the court promptly admonished the jury not to consider for any purpose Judge Bennett's testimony with respect to the value of the property remaining after the taking. This, we think, was entirely appropriate and correct, and the department was given all the relief to which it was entitled in that respect.

The most serious question raised by the appeal is that which pertains to the amount of the verdict.

The department used one valuation witness, Robert Knight, an appraiser in its regular employment. He testified that the highest and best use of the property both before and after the taking was for residential, farming and commercial purposes, and that the frontage road now situated on the west side of I-75 provides "some good home sites up there—good subdivision

---

1. There was no testimony as to whether the two parcels have less or greater value separately than as a whole. Cf. Commonwealth, Dept. of Highways v. Sea, Ky., 402 S.W.2d 842 (1966).

plots," thus to some extent enhancing the value of that portion of the land. The portion adaptable to commercial use was not affected by the taking. In his opinion the market value of the property was $24,500 before the taking and $21,000 immediately thereafter, reflecting a difference of $3,500. He based his appraisal on the following two transactions as comparable sales:[2]

1. 35 acres with a "huge frontage" on U.S. 25 sold early in 1963 by Lovitt to White for $25,500. This property was located at the intersection of U.S. 25 and Savoy Road, a blacktop road, and abutted the L. & N. Railroad on the back. It was in the same immediate vicinity as the Rowland property. The transaction was accomplished through the efforts of the Chamber of Commerce for purposes of industrial development.

2. Seven acres across the road from the Rowland property (but not fronting on the highway) sold in 1959 by Moore to Noe for $3,700. This parcel was cited as being comparable with the back portion of the Rowland Place.

Valuation evidence offered in behalf of the Rowlands was as follows:

1. Edward Moses, county welfare director,[3] gave before and after values of $33,000 and $18,000 respectively, for a difference of $15,000.

2. Everett Rains, county court clerk and former sheriff, gave before and after values of $31,000 and $16,000, respectively, for a difference of $15,000.

3. Morton Bennett, county judge, who was raised on the farm of which the Rowland property was then a part, gave before and after values of "$32,000 or $33,000" and $15,000, for a difference of $17,000 to $18,000. He did not know "exactly" how many acres were taken and how many were left. As before mentioned, his estimate of the after-value was stricken. Judge Bennett conceded on cross-examination that he was a candidate for re-election.

4. Clarence Bryant, who is engaged in the building supply and hardware business and develops subdivisions in and about Williamsburg, gave before and after values of $32,000 and $16,000, respectively, for a difference of $16,000. He did not know the number of acres taken and the number remaining, though he had walked over the property and was familiar with the boundaries.

5. The appellee C. H. Rowland gave before and after values of $35,000 and $19,000, respectively, for a difference of $16,000. He stated that he had raised corn, chickens and hogs and kept a horse on the land until he learned it was going to be cut in two by the highway project; that he had limed and fertilized it for some time; that he had been forced to build his warehouse building on what he formerly used as a garden because the foundation left when his other warehouse burned was located within the I-75 right-of-way; and that he had a good-sized gravel parking area, most of which was taken. On the portion taken, in addition to the structures heretofore enumerated, he had a year-round spring which was used for his chickens, hogs and horses. He has no water supply on the acreage left on the west side of the new highway. He admitted that a small portion of the acreage taken had been stripped for coal. Besides the land in question, he owns the property on which he lives in Williamsburg, and is acquainted with land values in the community.

None of the Rowland witnesses was asked to comment on the comparables offered by the department's witness Knight, nor did any of them cite any other comparable sales except that Mr. Rowland him-

2. Both were used by the same witness in the trial of Commonwealth, Dept. of Highways v. Hess, Ky., 420 S.W.2d 660 (1967), mentioned supra.

3. For a summary of the qualifications of Mr. Moses and the witnesses Rains and Bennett, see Commonwealth, Dept. of Highways v. Hess, Ky., 420 S.W.2d 660 (1967).

self mentioned the Lovitt-to-White sale. Cross-examination of all the Rowland witnesses, except for that which elicited from Judge Bennett the fact that he had considered circuity of travel, was cursory and sparse.

■ It is unfortunate that no witness on either side was asked to express an opinion as to the market value of the two remainder tracts if sold separately. Though we said in Commonwealth, Dept. of Highways v. Sea, Ky., 402 S.W.2d 842, 843 (1966), that in the absence of evidence to the contrary it may be assumed that the highest and best use of a farm cut in two by a condemnation remains the same after the taking as before, and that its highest value is still as a single unit,[4] this case is different. Even before the taking the front portion of the Rowland property was being used in part for commercial purposes. After the taking it is obvious that its highest and best use, and the purposes for which it would bring the highest price, were different from those applicable to the acreage left on the other side. The case presents a classic instance in which the remainder tracts should have been evaluated separately.

■ Of course $3,440 per acre for 4.36 acres, as such, seems high. But that is not the manner in which value is to be judged in a partial-taking case. It must be judged on the basis of what was there before and what is left afterward. Cf. Commonwealth, Dept. of Highways v. Sherrod, Ky., 367 S.W.2d 844, 856–857 (1963). Therefore, it cannot be reasoned from the per-acre price that the award was flagrantly excessive. We can look only to the testimony pointing to the before and after values.

■ The testimony regarding after-values being unsatisfactory for the reason just stated, the area of comparison shrinks to the before-values alone. Here there is but one circumstance in the record to support an acceptance of the Knight opinion

over the other witnesses, and that is his use of the Chamber of Commerce sale as a comparable. Perhaps the jurors should have accepted it, but they did not. On this appellate review, the question is whether that is a sufficient basis on which we can say the verdict is so flagrantly excessive at first blush that it strikes reasonable minds as having been given under the influence of passion or prejudice. Surely the answer is "no." Thus in order to find it so excessive we are forced outside the record, and must say that the award was of such exaggerated proportions that any reasonable man would immediately recognize it as excessive. We find ourselves unable to do so.

The judgment is affirmed.

WILLIAMS, C. J., and MILLIKEN and STEINFELD, JJ., concur.

OSBORNE, Judge (concurring).

I concur in the results reached herein for the reasons stated in Commonwealth of Kentucky, Department of Highways v. Hess, Ky., 420 S.W.2d 660.

---

4. In which event the stricken testimony of Judge Bennett would, of course, have been competent.