**VALLEY STONE COMPANY, Inc.,**
**Appellant,**

**v.**

**Woodrow BINION and Eva Binion, his wife,**
**Appellees.**

Court of Appeals of Kentucky.

Nov. 10, 1967.

Rehearing Denied Feb. 9, 1968.

O. F. Duval, Olive Hill, Ralph N. Walter, West Liberty, for appellant.

**890**

John A. Keck, Grayson, W. H. Counts, Olive Hill, for appellees.

CLAY, Commissioner.

Appellees recovered a judgment of $5,000 against appellant for damages allegedly caused two buildings on their property by the blasting operations of appellant.

■ Appellant's principal contention on appeal is that it was entitled to a directed verdict because appellees failed to prove negligence and causation. Since injury caused by blasting operations is in the nature of a trespass or a nuisance, negligence need not be pleaded or proved. Lynn Mining Co. v. Kelly, Ky., 394 S.W.2d 755; Juett v. Calhoun, Ky., 405 S.W.2d 946.

■ There was ample proof that during the summer of 1964 appellant's blasting operations broke windows, caused plaster to fall, and a partition to pull loose in one of the buildings. In addition, there was evidence the concrete block walls of both structures were cracked and there was expert testimony that these cracks appeared to have been caused by some outside force. In the light of appellees' evidence, a jury issue was presented as to whether the blasting operations caused the structural damage to appellees' buildings and appellant was not entitled to a directed verdict on the issue of liability.

■ Appellant contends that since one of the appellees testified to a particularly heavy blast on June 12, 1964, appellees should not have been permitted to prove injury caused by other blasting operations during that summer. We find no merit in this argument.

■ Appellees established that the principal damage to their buildings could not be repaired. They thereupon undertook to prove the difference in the fair market value of their property before and after the blasting operations in 1964. Appellant contends it was entitled to a directed verdict because appellees' witnesses on the issue of damages were not qualified. It is questionable that appellant's objections properly raised the issue of qualification. Assuming they did, we believe appellees' three witnesses showed sufficient familiarity with property values in the community, and with appellees' property, to give market value opinions.

The witnesses were property owners and were generally familiar with the sales in the community. All of them had bought property there and two had sold property. They expressed a knowledge of property values in the neighborhood. While their qualifications were not the best, their opinions were competent.

The judgment is affirmed.

WILLIAMS, C. J., and EDWARD P. HILL, MILLIKEN, MONTGOMERY, PALMORE and STEINFELD, JJ., concur.

OSBORNE, J., not sitting.