**COMMONWEALTH of Kentucky, DEPARTMENT OF HIGHWAYS, Appellant,**

**v.**

**Howard E. SELLERS, a Widower, Appellee.**

Court of Appeals of Kentucky.

Dec. 1, 1967.

---

Robert Matthews, Atty. Gen., H. C. Smith, Asst. Atty. Gen., Frankfort; Strother Kiser, William O. Gilbreath, Lexington, for appellant.

William P. Curlin, Jr., Louis Cox, Hazelrigg & Cox, Frankfort, for appellee.

STEINFELD, Judge.

For the construction of the Blue Grass Parkway the Commonwealth condemned 26.14 acres of land in fee and 1.61 acres for a drainage easement. The Commonwealth has appealed from a judgment awarding Sellers $45,402.00. It claims that the verdict was "monstrously and shockingly excessive" and that certain testimony should have been stricken. We affirm.

Prior to the taking Sellers owned a highly productive farm shaped something like an equilateral triangle with the base of the triangle fronting on Kentucky Highway 33, which is the main road from Versailles to Harrodsburg. It contained 122.45 acres and was located approximately two miles south of Versailles, Kentucky. The farm which was considered to be one of the better farms in Woodford County had an eight bent tobacco barn with stock pens and a loading chute, a 96 foot never failing deep well operated by a jet pump and two 15 foot concrete stock watering troughs with automatic floats. It carried a 4.2 tobacco base and was principally used to graze cattle with the capacity for 75 cattle throughout the summer. It had an excellent water supply. Prior to the taking there were approximately 4,100 feet of frontage on Highway 33.

After the taking the farm was divided by the non-access Parkway into two smaller triangular tracts. The northern portion contained 56.12 acres and the southern 41.80 acres. The frontage on Highway 33 was so altered that the northern tract had 629 feet and the southern tract 1,071 feet.

The well, jet pump, and concrete watering troughs were within the area taken, leaving the remainder without water. The tobacco barn, stock pens and loading chutes were all located on the northern tract but there were no improvements on the southern tract. The entrances to the two tracts were from Kentucky 33 at the extreme ends of the base of the two triangles and were approximately 4,150 feet apart. To get from one tract to the other it became necessary to travel this distance along the highway.

The commissioners in the county court awarded $34,077.00 for the land taken and $1,000.00 for the easement. Judgment was

entered accordingly from which all parties appealed to the circuit court. After all evidence was presented the jury was instructed as directed in Com., Dept. of Highways v. Sherrod, Ky., 367 S.W.2d 844 (1963). It found that the value of the property before the taking was $1,000.00 per acre or a total of $122,450.00 and after the taking that the value was $800.00 per acre, a total of $77,048.00.

The Commonwealth produced three witnesses. One testified that the value before the taking was $83,600.00 and the after value was $60,665.00; that the difference was $22,935.00. Another said that the before value was $84,000.00, the after value $61,009.00 and that the difference was $22,991.00. The third witness was unable to state the value before or after the taking but it was his opinion that the difference in value was $27,000.00.

For the owner four witnesses testified as follows:

| | BEFORE VALUE | AFTER VALUE | DIFFERENCE |
|---|---|---|---|
| "M. L. Garrison | $117,500 | $80,800 | $36,700 |
| Clinton Newman | 146,000 | 96,000 | 50,000 |
| Jim Ed Bond | 122,450 | 77,048 | 45,402 |
| Howard Sellers, Jr. | 122,450 | 73,460 | 48,990" |

Mr. Jim Ed Bond testified that he had been engaged in the real estate business in Woodford County for 51 years. His qualifications to testify as an expert in this field were obvious. He explained to the jury that he believed that the property was worth a minimum of $1,000.00 an acre on the day it was taken and $800.00 per acre immediately thereafter. He said that he based the values on its location, road frontage, farming capacity, water, tobacco base and the other factors that go with the operation of a farm. Splitting the farm into two different farms ruined it, he explained. This is a proper consideration. Com., Dept. of Highways v. Sea, Ky., 402 S.W.2d 842 (1966); Com., Dept. of Highways v. Cammack, Ky., 408 S.W.2d 615 (1966); Com., Dept. of Highways v. Dennis, Ky., 409 S.W.2d 292 (1966); Com., Dept. of Highways v. Shields, Ky., 411 S.W.2d 476 (1967); Com., Dept. of Highways v. Brown, Ky., 415 S.W.2d 370 (1967). He testified that he had made a study of comparable sales in the county including at least 12 farms which he had sold in the last four or five years. The jury's verdict was that these were the values. After carefully examining the testimony of this witness we find that it alone supports the verdict of the jury, which is within the range of all the testimony. Com., Dept. of Highways v. Reed, Ky., 414 S.W.2d 904 (1967). We are unable to say that at first blush the verdict was rendered under passion or prejudice and that it is excessive. Com., Dept. of Highways v. Muir, Ky., 412 S.W.2d 231 (1967); Com., Dept. of Highways v. Boone, Ky., 412 S.W.2d 236, 237 (1967); Com., Dept. of Highways v. Roberts, Ky., 412 S.W.2d 883 (1967); Com., Dept. of Highways v. Hunt, Ky., 414 S.W.2d 897 (1967).

The Commonwealth contends that the court erred in overruling its timely motion to strike the testimony of Mr. Clinton Newman because his estimates of value were completely without foundation and his testimony was so vague, evasive and unrealistic that it had no probative value whatsoever. The principal ground on which it relies is that Mr. Newman did not base values on comparable sales. For 25 of the 30 years Mr. Newman had worked for the United States Government in the Department of Agriculture, he served as an appraiser of farm real estate, farm dwellings and as an area supervisor. Qualified experts on property values are not required to refer to comparable sales. Com., Dept. of Highways v. Wilder, Ky., 412 S.W.2d 255

(1967). Comparable sales are helpful in determining value but other methods may be used. Com., Dept. of Highways v. Harris, Ky., 413 S.W.2d 78 (1967); Com., Dept. of Highways v. Woolum, Ky., 415 S.W.2d 83 (1967); Com., Dept. of Highways v. Hunt, supra. This witness was qualified to testify to the values which were in issue. Whitesburg Mun. Hou. Com. v. Bates, Ky., 412 S.W.2d 225 (1967). It was proper for the jury to consider his testimony.

The judgment is affirmed.

All concur.