**COMMONWEALTH of Kentucky, DEPART-
MENT OF HIGHWAYS, Appellant,**

v.

**Robert JOHNS et al., Appellees.**

Court of Appeals of Kentucky.

Dec. 8, 1967.

Robert Matthews, Atty. Gen., H. C. Smith, Asst. Atty. Gen., Frankfort, Tildon H. McMasters, Mark Anderson, Dept. of Highways, Elizabethtown, for appellant.

Davis Williams, Munfordville, for appellees.

WADDILL, Commissioner.

The Commonwealth appeals from a judgment awarding $17,300 as damages for the condemnation of 21.5 acres of land owned by appellees, Robert Johns and his wife. It is contended that the jury was permitted to consider incompetent evidence and that the verdict is excessive.

Prior to the initiation of this proceeding appellees owned and operated a 345-acre farm in Hart County. The land condemned was for the construction of a nonaccess highway which severs appellees' farm into two tracts. One tract contains about 230 acres on which are located two houses, two barns and other improvements while the other tract contains about 94 acres devoid of structural improvements. It was estimated that 6 acres of the land taken are in pasture, 7 acres are timberland and the remainder is tillable.

The Commonwealth first contends that the trial court erred in refusing to strike estimates of value by three witnesses for the landowners because they were based on improper factors.

On cross-examination the attorney for the Commonwealth asked one of the landowners' expert appraisal witnesses whether it was inconvenient to operate the two tracts together after they were severed by the condemnation. He replied: "That is right, to operate them together is highly inconvenient." The Commonwealth promptly moved to require this witness to subtract from his estimate of damage the value he had ascribed to inconvenience. The motion was overruled. Another of the landowners' witnesses was asked on cross-examination whether he considered it less convenient to operate the farm now. After he answered affirmatively he was asked whether this was one of the factors he considered in arriving at his damage figure. He answered: "That is part of it, yes, sir." A motion to require him to refigure his estimate was overruled.

Inconvenience due to dividing a farm into two units is ordinarily a noncompensable factor. Commonwealth, Department of Highways v. Roberts, Ky., 390 S.W.2d 155; Commonwealth, Department of Highways v. Sherrod, Ky., 367 S.W.2d 844. However, the fact that there has been a disjunction of the land is a proper consideration insofar as it affects the *market value* of the remaining tracts. Commonwealth, Department of Highways v. Sea, Ky., 402 S.W.2d 842; Commonwealth, Department of Highways v. Brown, Ky., 392 S.W.2d 50. In the instant case the witnesses did not place a pecuniary value on the separation of the farm nor did the Commonwealth show this fact by avowal. In this state of the record we are unwilling to say that it was error to overrule the motions.

In cross-examining the landowner the attorney for the Commonwealth asked if he allowed anything for possible flooding. He stated: "I took that into consideration." The Commonwealth then moved to require him to remove any damage he allowed for this factor. This motion was overruled. While a witness must be properly qualified to testify concerning water damage (Commonwealth, Department of Highways v. Martin, Ky., 392 S.W.2d 64) it was not shown that the landowner ascribed any specific monetary damage to the possibility of his remaining land being flooded. The court properly overruled the motion.

Finally it is contended the verdict is excessive and is not supported by adequate evidence. The landowner, two ex-

perienced realtors and four other witnesses testified as to the before and after value of appellees' farm. The qualifications of these seven witnesses were not and could not have been successfully challenged by the Commonwealth. These witnesses were intelligent and well informed as to land values in the county and their estimates of damage ranged as high as $23,832. We hold that the award is amply supported by adequate evidence and is not excessive.

The judgment is affirmed.

All concur.