COMMONWEALTH of Kentucky, DEPART-
MENT OF HIGHWAYS, Appellant,

v.

Woodrow MORGAN et al., Appellees.

Court of Appeals of Kentucky.

March 29, 1968.

Robert Matthews, Atty. Gen., H. C. Smith, Asst. Atty. Gen., Frankfort, John A Diskin, Newport, for appellant.

Frank S. Connely, Warsaw, Joseph J. Leary, Frankfort, Ottis Lanter, Williamstown, for appellees.

EDWARD P. HILL, Judge.

This is an appeal from a judgment awarding appellees $21,000 for 20.38 acres taken for use as right-of-way for Interstate 71. A permanent easement of .34 acre was also taken for construction purposes.

This appeal is based upon two arguments: (1) That the jury's award is excessive and not supported by evidence of probative value; and (2) that the trial court erred in permitting appellees to introduce evidence of income from tobacco crops, in permitting references to "profit" and in permitting conjectural, hearsay testimony.

The parties stipulated that the tract before the taking contained 90 acres; that 20.38 acres were taken within the right-of-way limits; that a .34-acre permanent easement was taken; that the highway severed the original tract into two tracts, one to the north of the highway containing 44.17 acres and which is landlocked, and one to the south containing 25.11 acres which has substantially all the farm's improvements. The only improvements taken were a "fairly large pond and a small duck pond." Eighteen hundred feet of frontage on Highway 16 were taken.

The commissioners appointed by the Gallatin County Court awarded appellees $19,863. On appeal to the circuit court the jury awarded appellees $21,000.

The Commonwealth first contends that the jury's verdict is excessive at first blush and is not supported by probative evidence.

The valuation testimony was:

### FOR APPELLANT

| Before | After | Difference |
| --- | --- | --- |
| $31,500 | $18,000 | $13,500 |
| 30,600 | 19,500 | 11,100 |
| 33,000 | 21,500 | 11,500 |

### FOR APPELLEES

| Before | After | Difference |
| --- | --- | --- |
| $47,500 | $22,000 | $25,500 |
| 44,000 | 20,000 | 24,000 |
| 45,000 | 20,000 | 25,000 |

The jury's verdict was:

| | |
| --- | --- |
| Before value | $39,000 |
| After value | 18,000 |
| Damage | 21,000. |

These figures show that there is no dispute about the after value of the property. The issue is the value of the property before the taking and whether the jury's finding that the before value of the property was $39,000 is supported by ample evidence.

Each side produced three valuation witnesses. Each of these witnesses was experienced in the appraisal of farmland and relied upon comparable sales in the vicinity of the property in question. The difference between appellant's witnesses and appellees' witnesses is in what sales they considered to be comparable.

■ Appellees' witnesses relied upon one farm which had recently been sold twice; each time for about $550 per acre. Appellant contends that these sales were not comparable because they involved a farm of only 38 acres, while the subject property is 90 acres. This same argument

was made in Commonwealth, Department of Highways v. Burton, Ky., 398 S.W.2d 689 (1966), where this court stated:

"We cannot say, as a matter of law, that the size of the tract is absolutely determinative. This, we believe, was a matter for the jury. * * * The amount of the verdict was well within the testimony, and we cannot say the amount thereof strikes the mind at first blush as having been arrived at by passion, prejudice, or partiality."

In the case at bar, the jury had the opportunity to decide for itself whether the sales were comparable; and its verdict was well within the testimony. There was no error here.

A verdict, similar in amount to the case at bar, was upheld in Commonwealth, Department of Highways v. Hunt, Ky., 414 S.W.2d 897 (1967). There a farm was divided into two parts, leaving 41 unimproved acres on one side of the road and 103 acres with all the improvements on the other side. An award of $22,500 for the diminution in value resulting from taking 20 acres was held not to be excessive. The evidence being in conflict and the verdict having convincing evidence for its support, we cannot say at first blush that the amount is excessive.

■ Appellant's second argument is that the trial court erred when it permitted appellees to introduce evidence of income from tobacco crops. The testimony in question arose in this manner:

"Q. Mr. Morgan, I take it that you could raise the 1.66 acres (of tobacco) and I am quite certain it is less than that now, on the 25.11 acres available to you?

"A. Well, I had a kind of hard time this year finding room enough for it. They went right square through where I have been growing it for years. *This particular spot of ground where I was growing it last year alone give $3,200."* (Our emphasis.)

Appellant cites Commonwealth Department of Highways v. Prater, Ky., 384 S.W.2d 306 (1964), where this court said "the reference to the value of tobacco land productivity was erroneous." In *Prater,* however, it was held not to be prejudicial because it was not the only relevant factor the witness used in making his valuation.

When Morgan said "This particular spot of ground where I was growing it (the tobacco) last year alone give $3,200," he was only referring to the productivity or the quality of that particular part of the land condemned. His tobacco allotment could be raised on land not taken, which he implied was not as productive. But he did not say how much less tobacco, if any, he would raise on the new spot; so, his reference to the amount produced really amounts to nothing. We condemn any effort to place a price tag on any part of the land taken or what it would produce in dollars and cents. However, considered in context we do not think any prejudicial effects occurred from the introduction of the evidence in question.

■ Appellant also alleges error by the trial court when it admitted appellees' testimony that he was told by several horse experts that the barn was too close to the new highway for raising Tennessee walking horses. While this has the tone of hearsay, it really was a revelation of a well-known and well-recognized fact that horses, unlike some people, do better under quiet and peaceful circumstances away from the noise and bustle of a super highway. He did not relate horse breeding to values or place a price tag thereon.

The judgment is affirmed.

WILLIAMS, C. J., and MILLIKEN, STEINFELD and PALMORE, JJ., concur.

OSBORNE and MONTGOMERY, JJ., dissent.

OSBORNE, Judge (dissenting).

In Kentucky Water Service Company v. Bird, Ky., 239 S.W.2d 66, we held that it was proper in ascertaining the fair market value of land to consider its gross production in terms of income. In Commonwealth, Department of Highways v. Prater, Ky., 384 S.W.2d 306 (1964), and Commonwealth, Department of Highways v. Eubank, Ky., 369 S.W.2d 15, we condemn the land owner's evidence of productivity and conclude that it was error to admit testimony concerning income from the sale of farm products overruling Kentucky Water Service Company v. Bird, supra. Now the majority of the court in this opinion holds that the introduction of such evidence is not prejudicial. I would like to agree with the majority if and when they decide what their position is, but I find myself unable to hold one way one week and another the next.

Therefore, I dissent.

MONTGOMERY, J., joins in this dissent.