**COMMONWEALTH of Kentucky, DEPART-
MENT OF HIGHWAYS, Appellant,**

v.

**Kenneth MOORE et al., Appellees.**

Court of Appeals of Kentucky.

Dec. 13, 1968.

Robert F. Matthews, Atty. Gen., H. C. Smith, Asst. Atty. Gen., Frankfort, George F. Williamson, Clark, Manby & Williamson, LaGrange, Robert A. Becht, Louisville, for appellant.

John M. Berry, Berry & Floyd, New Castle, for appellees.

OSBORNE, Judge.

The Department of Highways is appealing from the judgment of the Henry Circuit Court in this condemnation case. The property involved is a 25-cow Grade-B dairy farm with a tobacco base as well. The taking was for a non-access road and involved around 11 acres. However an underpass was built for a small gravel road running next to the land involved, so there

still is ready access from one portion of the farm to the other. Prior to the taking the farm consisted of 92 acres. It was not all in one tract. Eight acres were in a separate tract across the gravel road. This field had been used for grazing heifers and had a year-round water supply which has been destroyed by the building of the road. Now the farm consists of three tracts: one, nearly 32 acres containing all of the improvements, the second, an unimproved tract of 49 acres, and the 8-acre field which now does not have a reliable water supply. The two unimproved tracts are across the new highway from the first tract.

The jury set a before value of $28,520, an after value of $15,800 and found a difference of $12,720. There is no dispute as to the before value. The only question is how severely the after value has been affected by the taking.

The highway department argues that the verdict is palpably excessive at first blush and that the verdict is not supported by evidence of probative value. They back this with various arguments including a per-acre evaluation. On a strict per-acre basis their contention is plausible. However, the evidence of the landowner's witnesses is that the taking has severely diminished the value of the farm as a dairy farm. These witnesses point out that the severed tract can no longer be used for pasture because to do so would involve driving the cows down the public road and under the 171-foot underpass twice a day for milking and that the remaining 32 acres are not large enough to sustain a herd of this size. On this basis they set an extremely low after value on the farm. The landowner's witnesses and the Commonwealth's witnesses place a before value of about $300 an acre on the entire tract. All of the landowner's witnesses and one of the highway department's witnesses valued the severed tract at around $125 per acre. The real dispute is about the value of the 32-acre tract. It contains a 25-cow dairy barn, a tobacco barn and stripping room and a

nice residence. There are also two other small buildings. The Commonwealth argues that the value of these buildings makes the after value of the landowner's witnesses for the improved portion rediculously low.

Assuming that the jury placed a $125-per-acre evaluation on the severed tract, that would lead to a $325-per-acre evaluation on the improved tract. This after value seems low, however, the fact that several witnesses testified that the remaining 32 acres is not a feasible economical farming unit and that the severed portion is not usable in connection with it, would substantiate a low after value. It is not our function to reverse cases which seem a little high, but only those which are palpably excessive. This case is not.

We have recognized many times that a taking which severs a farm may diminish its after value much more than the value of the land taken. Of course, this effect must be shown by the evidence. Commonwealth, Department of Highways v. Lake, Ky., 432 S.W.2d 23, (rendered December 15, 1967, modified October 29, 1968); Commonwealth, Department of Highways v. Sellers, Ky., 421 S.W.2d 581 (1967); Commonwealth, Department of Highways v. Hunt, Ky., 414 S.W.2d 897 (1967); Commonwealth, Department of Highways v. Sea, Ky., 402 S.W.2d 842 (1966); Commonwealth, Department of Highways v. Teater, Ky., 397 S.W.2d 137 (1966).

The appellant also argues that certain evidence as to the inconvenience of operating a dairy farm with the severed tracts should have been excluded. The evidence complained of was elicited on cross-examination from one of the Commonwealth's witnesses after he had set a high after value. From a perusal of the testimony, we believe it only shows that the after value would be affected by the inconvenience and that it was not an attempt to

set up inconvenience as a separate damage factor. Evidence of inconvenience as it affects after value is admissible, Commonwealth, Department of Highways v. Johns, Ky., 421 S.W.2d 845 (1967).

Judgment affirmed.

All concur.