**COMMONWEALTH of Kentucky, DEPARTMENT OF HIGHWAYS, Appellant,**

**v.**

**Calvin A. WARD et al., Appellees.**

Court of Appeals of Kentucky.

Dec. 18, 1970.

Don Duff, Dept. of Highways, Frankfort, Kenneth S. Baker, Dept. of Highways, Jackson, for appellant.

Bruce Stephens, Jr., Duff Arnett, Hazard, for appellees.

STEINFELD, Judge.

This condemnation action originated in the Perry County Court where appellees Calvin A. Ward and his wife, Louise, were awarded $19,000 for 0.89 acre of their land taken by the Highway Department for rebuilding Kentucky Highway No. 15 between Hazard and Whitesburg. Both parties appealed to the circuit court and upon a jury trial the landowners were awarded $24,000. Judgment was entered for that amount from which the Commonwealth appeals. We affirm.

Located on this tract was a nine-room house with a full concrete-block foundation, partially finished basement, and many modern conveniences. Also, there were a tenant house, various wooden outbuildings; a concrete-block pumphouse, shade and fruit trees, shrubs and a driveway. The remainder of Wards' land, which consisted of 0.98 acre, was left without access and it was stipulated that this remainder was made worthless by the taking.

The Highway Department contends that none of Wards' appraisal witnesses were qualified to testify as to the value of the property, that their testimony should have been stricken, and that the verdict is unsupported by the evidence. The before values given by the Wards' appraisal witnesses were: Ward, $30,000; Roark, $22,000-$24,000 and Hall, $23,500. The Highway Department's two witnesses fixed the before value at $14,000 and $14,150 respectively.

Ward had been connected with the land development business for several years and he showed knowledge of, and testified about, eight real estate sales in the area. We are of the opinion that he was qualified to express an opinion as to the value of his property. Com., Dept. of Highways v. Brown, Ky., 415 S.W.2d 370 (1967); Cf. Valley Stone Co. v. Binion, Ky., 422 S.W.2d 889 (1968).

The Department's second objection was Ward's failure, so it says, to list any factors of similarity between his land and the other sales about which he testified. Ward saw a comparison, but "* * * A properly qualified witness may testify as to before and after values, without stating any factors that he took into consideration, and his testimony will have some probative

value. * * *." Com., Dept. of Highways v. Tyree, Ky., 365 S.W.2d 472 (1963).

■ The final attack on Ward's testimony is his reporting a tax assessment value of $15,000 for the year 1966. The assessor continued that value during the next two years. The Department contends that this assessment should be given considerable weight because it bears a reasonable relation to the market value as indicated by the other evidence (referring to the testimony of its own witnesses). Unfortunately Ward was not asked to explain the great disparity between the assessed value he reported and the testimonial market value. We stated in Com., Dept. of Highways v. Tyree, supra, that a landowner is not bound by his tax assessment, however, it was proper to permit the jury to consider as evidence the value which Ward reported. Com., Dept. of Highways v. Rankin, Ky., 346 S.W.2d 714 (1960).

■ The second appraisal witness for the Wards was Fernando Roark, a local merchant who was born in Perry County and had lived there for 72 years. The Highway Department objected to Roark's testimony on the grounds that he was not qualified to express an opinion as to values. We concede that Roark's qualifications were minimal but since he had bought and sold a number of tracts of real estate we are of the opinion that he met the test indicated by Com., Dept. of Highways v. Conley, Ky., 386 S.W.2d 750 (1964), and Com., Dept. of Highways v. Hendricks, Ky., 400 S.W.2d 676 (1966).

The testimony of Ward's third witness, Floyd Hall, will not be discussed because his valuation was less than the award made by the jury and as such was not a basis for the verdict.

Citing Com., Dept. of Highways v. Ratcliff, Ky., 421 S.W.2d 77 (1967), the Commonwealth contends that Ward's $30,000 estimate of market value when compared with the assessment of $15,000 is at "first blush" excessive. We note that the jury did not accept Ward's full appraisal but awarded a much lesser amount.

We have reviewed the testimony and have viewed the exhibits and find that there was sufficient evidence of probative value to sustain the award.

■ Under the rules we announced in Com., Dept. of Highways v. Stocker, Ky., 423 S.W.2d 510 (1968), we cannot say at "first blush" as contended by appellant that a verdict awarding $24,000 for the Wards' 1.87 acres of land containing the improvements above stated was given under passion or prejudice or was excessive.

The judgment is affirmed.

All concur.